HELEN E. JUDSON, Administratrix, etc., of DAVID HENRY JUDSON, Deceased, Respondent, *v.* JOHN FIELDING and Another, Appellants.

Third Department, November 20, 1929.

*Bailey, Oot & Ryan* [*H. D. Bailey* of counsel], for the appellant John Fielding.

*Mackenzie, Smith, Lewis & Michell* [*Edmund H. Lewis* of counsel], for the appellant Colonial Motor Coach Corporation.

*Bond, Schoeneck & King* [*R. E. Dineen* and *Clarence R. King* of counsel], for the respondent.

DAVIS, J.  The plaintiff has recovered judgment against both defendants for damages sustained by reason of the death of David Henry Judson on April 25, 1927.  The automobile collision in which the decedent lost his life occurred, it is found, because of the wrongful acts and neglect of the defendants.

Judson was riding with Fielding in the latter's car.  They were traveling from Syracuse to Binghamton.  It was a typical April day with flurries of snow and occasional rain.  The surface of the road was generally wet and slippery.  Just before they approached the " Burghardt curve," about a mile southerly from Whitney Point, the car driven by Fielding was proceeding at a rapid rate of speed.  There is some evidence that it had swung somewhat to the left in order to make the turn more conveniently.  At this curve the highway makes a right angle turn to the west, and the view of the highway beyond the turn in both directions is very largely obscured by the large Burghardt residence and other obstructions.  The highway is of concrete, sixteen feet wide, extending to a maximum of nineteen feet in width on the curve. There was practically no grade in either direction.

Just as the Fielding car approached the curve a Colonial bus was rounding the corner going north.  Fielding applied his brakes and the car skidded making a quarter turn.  The left rear spring of the car collided violently with the left front bumper of the bus. Judson was thrown with great force out through the right door to the concrete pavement near the left rear wheel of the bus.  The injuries thus received caused his death.

The negligence of the defendant Fielding is well established by the evidence.  The liability of the defendant corporation is not so clear.  It appears that neither party gave a warning signal as he

approached the curve. The theory of the plaintiff is that the driver of the bus " cut " the curve and was nearly in the center of the road instead of being well to the right as he should have been; and that being in this illegal position the bus sharply arrested the progress of the skidding car which otherwise might have been brought to a stop without accident. It was of the utmost importance that the bus keep to the right for it was twenty-nine feet long and nearly eight feet wide, the limit of legal width (Highway Law, § 282-a, added by Laws of 1918, chap. 533, as amd. by Laws of 1926, chap. 361, now Vehicle and Traffic Law, § 14, subd. 1); and it thus occupied half of this sixteen-foot road. If it was out of its proper position then under the evidence the owner could readily be found liable as a question of fact. Practically the only element of negligence rests in the improper position of the bus.

Three passengers testified that as the bus approached the curve it had been nearly in the center of the road and that just before the accident occurred it was turned sharply to the right by the driver, but the rear end remained to the left of the center of the road. It was running slowly at the turn, and was stopped very shortly, with at least the two right wheels off the concrete and on the shoulder of the road. State troopers and other disinterested witnesses who came upon the scene within five minutes after the accident happened testified that all four wheels were off the concrete to the right. This would indicate that the bus was near the right margin of the road, for it did not move forward probably to exceed fifteen feet after the contact, otherwise Judson would have been crushed by the left rear wheel. The bus was then moved at the direction of a trooper who says he carefully marked its location and had photographs taken. His testimony is corroborated by other witnesses. But there is some dispute in the evidence as to its position after the accident. The driver testified that his bus was on the right-hand side at the curve. These facts, the defendant urges, show that the bus was at all times on the right side of the road and that the driver was blameless.

We appreciate that no one, however honest and truthful he may be, can give an entirely accurate account of all that occurs during a collision, including the approximate position at a particular time of a moving vehicle. Events occur too suddenly to permit anything like exact observation. Likewise, the position of a vehicle in collision after it has come to rest is not often decisive of its position at or before the moment of contact. There is but one way of discovering the practical truth of a controversy of this kind in litigation, and that is to submit the evidence to a jury and take a verdict.

We have been at pains to state somewhat fully the conflict in the evidence and the inferences that may be drawn to show upon what narrow ground the determination of the jury may have turned. It throws into high relief an error made on the trial as to the admission of evidence. Errors of that nature frequently occur during the trial of actions and on appeal are often disregarded because they affect no substantial right of a party; or because the case is so clearly established that the error is deemed harmless. It is only in cases like this where so much doubt surrounds the facts that courts will grant a new trial on what may seem to be technical errors.

One Walsh was perhaps the strongest witness for the plaintiff. He was a passenger in the bus and testified as to its illegal position in the road. On cross-examination, after proper preliminary questions, he was asked if he stated to a trooper immediately after the accident " that the bus was not to blame." This and similar questions tending to show that he had made earlier statements contradictory to his testimony were excluded on the objection of plaintiff's attorney. Whilst the statements to which the inquiry was directed were largely in the nature of the opinions of the witness, these opinions were entirely incompatible with the testimony he had given and inconsistent with it. Defendant's counsel made clear his purpose of attacking the credibility of the witness. The testimony already given was vital on the issue. In considering the evidence so sharply in dispute, the jury was entitled to know the contrary views the witness had expressed when the incident was fresh in his mind, uninfluenced by sympathy or other cause. Very often by calm reflection a witness may correct inaccurate observations or erroneous impressions hastily formed. But the jury should have all the facts in making an appraisement of the value and weight to be given the testimony. It is quite possible that with the credibility of the principal witness shaken, a different result would have been reached. Whilst a general opinion of a witness on the merits may be properly excluded (*Schell* v. *Plumb*, 55 N. Y. 592, 599; *Matter of Eno*, 196 App. Div. 131, 159), distinction is to be made where the opinion is closely related to the facts and is inconsistent with the testimony of the witness. (*Larkin* v. *Nassau Electric R. R. Co.*, 205 N. Y. 267; *Lynch* v. *Pratt*, 222 App. Div. 179; *Cohen* v. *Beyer*, 215 id. 379; *Zimmermann* v. *Ullmann*, 173 id. 650, 652; 2 Wigm. Ev. [2d ed.] §§ 1040, 1041.) " It is often difficult," says Wigmore (*supra*), " to determine whether this inconsistency exists. * * * As a general principle, it is to be understood that this inconsistency is to be determined, not by individual words or phrases alone, but by the *whole impression or effect* of what has been said or done. On

a comparison of the two utterances, are they n effect inconsistent? Do the two expressions appear to have been produced by inconsistent beliefs?" And again, "In short, the only proper inquiry can be, Is there within the broad statement of opinion on the general question some implied assertion of fact inconsistent with the other assertion made on the stand? If there is, it ought to be received, whether or not it is clothed in or associated with an expression of opinion." Applying these tests, it becomes apparent, as we have stated, that the alleged declaration of Walsh at the time of the accident was contrary to and inconsistent with his testimony on the stand. The exclusion of the evidence was, therefore, harmful error, and as to this defendant a new trial should be ordered.

The defendant Fielding also argues that the judgment should be reversed as to him, even though we sustain the finding of negligence against him. On the trial he asked to amend his answer to interpose as a defense the allegation that the death of Judson arose out of and in course of his employment, and that the only remedy existing (except as to the other defendant) was under the Workmen's Compensation Law. The motion to amend was denied on the sole ground that the new matter did not constitute a defense.

It appears that Fielding and Judson were coemployees of the Truscon Steel Company. They were at the time of the accident, we will assume, engaged in their common employment. As against the employer the plaintiff would have only the remedy given by the Workmen's Compensation Law. The appellant Fielding urges that remedy by action is likewise denied as against a fellow-servant. We think the question is of first impression in this State, although it has arisen in other jurisdictions under compensation statutes. A typical case, though differing in its facts, is *Peet* v. *Mills* (76 Wash. 437), where the complaint in a civil action for damages was dismissed on the ground that all rights of injured employees to bring civil actions had been abolished by the Workmen's Compensation Law. In this State the restrictions are not so broad. Here, under the statute, the liability to pay compensation by an employer who has secured payment thereof is made the exclusive remedy. (Workmen's Compensation Law, §§ 10, 11.) The language of section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) is somewhat obscure and confusing relative to the right of an injured employee entitled to compensation, or the dependents of such an employee suffering death from accidental injuries caused by the negligence or wrong of another, to maintain an action against one in the same employment. The dependents or employee are required to elect before any suit or any award whether they will take compensation or pursue a remedy against one not in the same employ whose negli-

gence or wrong caused the accident. It is the words " not in the same employ " upon which this defendant relies in asserting that no action can be brought against a coemployee. The right of action to recover damages for injuries resulting in death is secured by the Constitution (Art. I, § 18). The amendment providing that the Legislature might enact laws for compensation for injuries to employees or for their death resulting from injuries without regard to fault as a cause thereof (Art. 1, § 19), by its terms permitted the Legislature to furnish a remedy through compensation exclusive of all other rights and remedies in such cases. It is ancient law that the servant is liable in damages for his own tortious acts, even though at the time he was engaged in the work of his employer. (*Murray* v. *Usher*, 117 N. Y. 542, 547.) We find no intent or purpose in the statute to absolve any but the employer from liability in a civil action for damages caused by his own wrong. Rights long existing should not be taken away except by a statute where the purpose to do so is clear. The employer has not been sued, and the coemployee should be held liable unless the right to maintain an action against him is forbidden by positive statute. To hold that a fellow-servant should under no circumstances be liable to another for damages resulting from a negligent or willful act occurring in the course of their common employment, would be fraught with highly dangerous consequences and would remove in a large measure the restraint of personal responsibility of the employee for his acts. We think that the most rational interpretation of the statute is to hold that the Legislature did not intend to require an election of remedies in the case of coemployees. So, without further discussion, we hold that there was no error in the court below in denying the motion to amend and in excluding the evidence offered on this subject.

The judgment as against the defendant Fielding, and the order denying a new trial as to him, should be affirmed, with costs. The judgment against the defendant Colonial Motor Coach Corporation, and the order denying its motion for a new trial, should be reversed on the law and a new trial granted, with costs to said defendant to abide the event.

VAN KIRK, P. J., HINMAN, WHITMYER and HILL, JJ., concur.

Judgment as against defendant Fielding, and the order denying new trial as to him, affirmed, with costs.

Judgment against the defendant Colonial Motor Coach Corporation, and the order denying its motion for a new trial, reversed on the law and a new trial granted, with costs to said defendant to abide the event.