WILLIAM SHELTER, Plaintiff, *v.* ADRIAN GROBSMITH and Others, Copartners, Doing Business under the Firm Name and Style of EMPIRE STATE MOTOR EXPRESS COMPANY, and Another, Defendants.

Supreme Court, Erie County, April 12, 1932.

*Chester McNeil,* for the plaintiff.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the defendant Martin Erickson.

HINKLEY, J.    This is a motion by plaintiff to strike out the second and third defenses of the answer of the defendant Martin Erickson. The answer admits that the plaintiff was a passenger in an automobile driven by the answering defendant, Martin Erickson, at the time of its collision with an automobile owned by the other defendants. The second and third defenses allege that plaintiff and the answering defendant, Martin Erickson, were both employees of the one employer, Brunswick Balke Collender Company, not a party to this action; that plaintiff was employed in one of the hazardous employments enumerated in section 3 of the Workmen's Compensation Law of the State of New York; that the employer had complied with the provisions of the Workmen's Compensation Law; that at the time of the accident both plaintiff and the answering defendant, Martin Erickson, were engaged in their duties as such coemployees; that the remedy of the plaintiff under the Workmen's Compensation Law is exclusive, and the plaintiff has no right of action against this answering defendant.

The question presented, stated succinctly, is whether the defense available to an employer, that the Workmen's Compensation Law

is an exclusive remedy, is also available to a coemployee sued as a defendant.

The question was squarely answered in the affirmative in the Fourth Department in an opinion by the then Justice HUBBS in *Caldana* v. *Buezenburg* (206 App. Div. 183), Justice DAVIS dissenting.

The question was squarely answered in the negative in the Third Department in an opinion by Justice DAVIS in *Judson* v. *Fielding* (227 App. Div. 430).

In the latter case the defendant Fielding was a coemployee of the plaintiff and the trial court refused to permit the defendant Fielding to amend his answer setting up the Workmen's Compensation Law as in the case at bar. The trial court held that the new matter was not a defense in favor of the coemployee. Judgment was rendered against the defendant Fielding and that judgment affirmed as above stated. That judgment of the lower court and its affirmance by the Appellate Division were affirmed by the Court of Appeals in 253 New York, 596.

The decision of the highest court is *stare decisis* and must be held to have overruled the principle enunciated in the case of *Caldana* v. *Buezenburg* (206 App. Div. 183), even though that case was apparently not called to the attention of the highest court and regardless of the fact that the highest court did not render an opinion.

Motion to strike out the two defenses granted, with costs.