LOUIS PASSZEHL, Respondent, v. METROPOLITAN DISTRIBUTORS, INC., Appellant.— Action brought to recover damages for personal injuries sustained by plaintiff when a truck rented by plaintiff's employer from the defendant rolled away from a loading platform on which plaintiff was working, as a result of which plaintiff fell from the platform. Judgment in favor of plaintiff reversed on the law and a new trial granted, with costs to appellant to abide the event. The trial court erred in refusing to charge the jury that the plaintiff could not recover if it were found that the plaintiff's fellow-employee, the driver of the truck, was negligent and that his negligence was a concurring proximate cause of the accident. (Workmen's Compensation Law, § 29, subd. 6, Laws of 1937, chap. 684; *Ætna Cas. & Surety Co.* v. *Gronholz*, 261 App. Div. 961; motion for leave to appeal denied, 285 N. Y. 855, April 24, 1941.) It was conceded that plaintiff had been awarded compensation. His employer, a self-insurer, therefore, had a lien on the proceeds of the recovery under subdivision 1 of section 29 of the Workmen's Compensation Law. To permit the employer to recoup the compensation payments in spite of concurrent negligence on the part of its employee would enable it to profit by its own wrong. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AUGUST ANTHONY FAUCETTA, Alias GUISTO FAUCETTA, Alias GUS FAUCETTA, Appellant.— Judgment of the County Court of Queens County convicting defendant of the crimes of robbery in the first degree, grand larceny in the first degree, assault in the first degree and burglary in the third degree, as second offenses, unanimously affirmed. The guilt of the defendant was so clearly and convincingly established that the errors which were committed may be disregarded. (Code Crim. Proc. § 542.) Of the five defendants convicted, only two are here on appeal. [See *People* v. *Rozea, post,* p. 778.] In a case where the guilt of a defendant was less clearly shown we would be required to reverse a judgment of conviction where, as here, the trial court persisted in making extraneous comments and purported witticisms and in propounding improper questions. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES EDWARD ROZEA, Alias CHARLES ROSEN, Appellant.— Judgment of the County Court of Queens County convicting defendant of the crimes of robbery in the first degree, grand larceny in the first degree, assault in the first degree and burglary in the third degree, as second offenses, unanimously affirmed. (See *People* v. *Faucetta, ante,* p. 778, decided herewith.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.