Filomena Caulfield, as Administratrix of the Estate of Thomas J. Caulfield, Deceased, Appellant, *v.* Elmhurst Contracting Company, Respondent.

Second Department, February 5, 1945.

*James I. Cuff* for appellant.

*Walter L. Glenney* for respondent.

JOHNSTON, J. The question presented, arising upon the pleadings, involves the construction of section 29 of the Workmen's Compensation Law.

On April 6, 1943, Thomas J. Caulfield, while working for his employer, Todd Erie Basin Dry Docks, Inc., met his death when a crane, owned by defendant and operated by its employee, fell and struck him. Plaintiff, as administratrix, commenced this action to recover damages, alleging that her intestate's death was caused solely by defendant's negligence. Defendant interposed an answer containing a general denial, and a separate defense alleging intestate's contributory negligence. Subsequently defendant moved for leave to serve an amended answer. The motion was granted, and plaintiff appeals. The proposed amended answer contains the same denial and defense as the original answer and, in addition, sets forth as a complete defense, and also as a partial defense, that intestate's employer had secured compensation to its employees in compliance with the Workmen's Compensation Law, and that intestate's injuries, resulting in his death, arose out of and were received in the course of his employment. It further alleges that the negligence of intestate's employer or of his fellow employees caused or contributed to the accident and for that reason, as well as by the express provisions of subdivision 6 of section 29 of the Workmen's Compensation Law, plaintiff's exclusive remedy is against intestate's employer for the benefits enumerated in the Workmen's Compensation Law. Whether such a defense — complete or partial — is sufficient in law is the sole question to be decided.

Section 29 of the Workmen's Compensation Law, by amendment (L. 1937, ch. 684), was divided into six numbered subdivisions.

Subdivisions 1 to 5, inclusive, so far as material, in substance provide that if in the course of his employment an employee be injured or killed by the negligence or wrong of another not

in the same employ (that is, a third party), such injured employee, or, in case of death, his dependents, need not elect whether to take compensation under the statute or to pursue his or their remedy against the third party, but may do both. If, however, compensation be taken and no action against the third party be commenced within six months after the award or, in any event, within one year from the date of the accident, the failure to commence such action operates as an assignment of the cause of action to the one liable for the payment of such compensation, whether he be the employer or the latter's insurance carrier, and either, as the case may be, becomes subrogated to the rights of the injured employee or his dependents. No matter who prosecutes the third party action, these subdivisions contain appropriate provisions for apportionment of the proceeds thereof. They also provide that the one liable for compensation shall have a lien on the proceeds of any recovery, after the deduction of reasonable and necessary expenditures, to the extent of the total amount of compensation awarded or estimated under the Workmen's Compensation Law.

The purpose of the first five subdivisions is clear: (a) to give to the injured employee, or, in case of death, his dependents, either the compensation provided by the statute or the recovery in the third party action, whichever is larger; (b) to require the injured employee, or, in case of death, his dependents, to commence the third party action within the specified time; (c) if he or they fail to do so, to permit the one liable for the compensation to enforce the third party's liability; and (d) regardless of who commences the action, to insure an equitable division of the proceeds of any recovery, whether by judgment, settlement or otherwise, between the injured employee, or, in case of death, his dependents and the one liable for the compensation. It is pursuant to these subdivisions of section 29 that plaintiff elected to proceed against the third party and is prosecuting this action.

The avowed legal effect of the additional defense set forth in the proposed amended answer is that if on the trial it appears that the negligence of intestate's employer, or of his fellow employees, contributed to the accident, defendant would be entitled to a dismissal of the complaint even if the proof also showed that defendant's negligence was the proximate cause or a concurring proximate cause. In other words, by the challenged defense defendant is seeking to attach to the employer's, or intestate's fellow employees' negligence the same legal significance which now attaches to the intestate's contributory

negligence. In short, defendant argues that to allow a recovery in this action, despite the contributory or concurring negligence of intestate's employer, or of his fellow employees, would enable the employer or its insurance carrier to recoup the compensation payments and thus profit by the employer's own wrong.

When one considers the fundamental purpose of the Workmen's Compensation Law, the fallacy of defendant's argument becomes apparent. That statute is designed to compel the employer to provide for his employee " the statutory compensation for accidental injury arising out of and in the course of his employment regardless of whether or not the injury was due to the employer's wrong or negligence." (*Matter of Parchefsky* v. *Kroll Bros., Inc.,* 267 N. Y. 410, 415.) The statute " regulates the relation, not between a workman and the world at large, but between workman and employer." (*Matter of Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367, 373.) As between them the remedies therein provided are exclusive. (Workmen's Compensation Law, § 11.) As to a third party, however, the common-law remedy for his negligence or wrong remains unimpaired and unaffected. His liability is extrinsic to the statute. (*Hession* v. *Sari Corporation,* 283 N. Y. 262, 266.) The statute leaves untouched " the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance." (*Matter of Zirpola* v. *Casselman, Inc., supra,* p. 373.) The third party " has nothing whatever to do with this law, except to pay the damages for which he is liable." (*O'Brien* v. *Lodi,* 246 N. Y. 46, 50.) To enforce the payment of such damages the injured party or his dependents may pursue their common-law remedy against him. If they fail to do so within the required time, the one liable for the compensation as assignee or subrogee under the statute may do so. But the foundation of the action is the right of the injured employee, or, in case of death, his dependents. It is their rights which are being enforced and the sole test of the third party's liability is the latter's liability to the injured employee or his dependents. Hence, neither the fault of the employer nor the fault of his other servants can defeat or impair the right to recover.

Defendant, in an effort to sustain the defense pleaded in the proposed amended answer, also invokes subdivision 6 (so numbered by L. 1937, ch. 684) of section 29 of the Workmen's Compensation Law, which reads as follows: " The right to compensation or benefits under this chapter, shall be the exclusive

remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

By its terms this subdivision is applicable only when the employee is injured or killed by the negligence or wrong of another in the same employ. Fairly construed, it applies only where the negligence of a fellow employee was the sole proximate cause of the injury or death. That fact defendant is free to show under its general denial, and if it be established as a matter of law or fact the complaint must be dismissed regardless of the Workmen's Compensation Law or plaintiff's rights thereunder against intestate's employer. On the other hand, if it be found that plaintiff's intestate was free from contributory negligence and that defendant's negligence was a proximate cause of the accident, defendant is liable even though the negligence of a fellow employee was a concurring proximate cause.

The legislative history of subdivision 6 shows it has no application to an action brought by an injured employee, or, in case of death, by his dependents, against a third party. That subdivision in its present language, but without separate numbering, became part of the Workmen's Compensation Law by an amendment to section 29. (L. 1934, ch. 695.) It was enacted following the decision in *Judson* v. *Fielding* (227 App. Div. 430, 435, affd. 253 N. Y. 596). In that case, construing the statute as it read prior to its amendment in 1934, the court stated: "We find no intent or purpose in the statute to absolve any but the employer from liability in a civil action for damages caused by his own wrong." Therefore, the court held the statute did not bar one coemployee from suing another for damages resulting from a negligent act occurring in the course of their common employment.

Assuming, as we may, that the lawmakers were cognizant of the statute as it then existed and the construction of it by the courts, it is clear that in enacting subdivision 6, the Legislature intended to abrogate the rule announced in the *Judson* case. (*Liston* v. *Hicks*, 243 App. Div. 159, 162; *Abbondondolo* v. *Mealing*, 249 App. Div. 818; *Behan* v. *Maleady*, 249 App. Div. 912; *Galotti* v. *Deansboro Supply Company, Inc.*, 248 App. Div. 20, 24.) It is equally clear that subdivision 6 means just what it says and is a bar to an action by an injured employee, or, in case of death, by his dependents, against his fellow employee for damages resulting from the latter's negligence. (*Puccio* v. *Carr*, 177 Misc. 706, 708, affd. 263 App. Div. 1042.)

As there is nothing in the statute or any of its subdivisions which abridges or limits the employee's, or, in case of death, the dependents' common-law right of action against the third party, the contributory or concurrent negligence of intestate's employer or of his fellow employees is not a defense to the action at bar. To hold otherwise would not only permit one joint tort feasor to plead the negligence of another in defense, but would destroy the right of action preserved by the statute.

Analogous statutes have been similarly construed by the courts in other jurisdictions. (*General Box Co.* v. *Mo. Utilities. Co.*, 331 Mo. 845; *Utley* v. *Taylor & Gaskin, Inc.*, 305 Mich. 561; *Clark* v. *Chicago, M., St. P. & P. R. Co.*, 214 Wis. 295; *Bristol Telephone Co.* v. *Weaver*, 146 Tenn. 511.)

While *Travelers Ins. Co.* v. *Schachner* (255 App. Div. 999, appeal, taken without leave, dismissed 280 N. Y. 758); *Aetna Casualty & Surety Co.* v. *Gronholz* (261 App. Div. 961, leave to appeal denied 285 N. Y. 855) and *Passzehl* v. *Metropolitan Distributors, Inc.* (262 App. Div. 778), heretofore decided by this court, may in part be distinguished on the facts, insofar as they indicate a contrary view, they are overruled.

The order appealed from should be reversed on the law and not in the exercise of discretion, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

CARSWELL, Acting P. J., ADEL, LEWIS and ALDRICH, JJ., concur.

Order reversed on the law and not in the exercise of discretion, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. [See 269 App. Div. 671.]