EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Plaintiff, *v.* REFINED SYRUPS AND SUGARS, INC., Defendants.*

Supreme Court, Trial Term, New York County, February 14, 1945.

* Cf. *Commissioners of State Ins. Fund* v. *Empire Trust Co.,* 184 Misc. 947, with respect to payments under Workmen's Compensation Law, § 15, subds. 8, 9, and § 25-a.— [REP.

*Victor D. Werner* for plaintiff.

*Desmond T. Barry* and *Clarence B. Tippett* for defendant Refined Syrups and Sugars, Inc.

McNALLY, J. On April 8, 1942, Segundo Alexander, the deceased, was employed by F. Rinaldi & Co., stevedores, in premises owned by the defendant Refined Syrups and Sugars, Inc., which was engaged in the business of processing sugar and the manufacture and sale of syrups. (The action was discontinued on the trial against Refined Syrups Sales Corporation.) On that day, while acting within the scope of his employment, in consequence of the defendant's negligence, Alexander sustained injuries which resulted in his death. At that time he

was forty-seven years of age. His dependents were his widow, age forty-five, and his son, aged seven. The dependents made claim for compensation pursuant to section 16 of the Workmen's Compensation Law. After due hearing an award was made in favor of the dependents. The plaintiff is the insurance carrier liable for the payment of the compensation awarded. The cause of action for negligence causing the death, which the dependents as beneficiaries under section 130 and section 133 of the Decedent Estate Law might have pursued against the defendant, was assigned to plaintiff by operation of law (Workmen's Compensation Law, § 29, subd. 2).

The decedent fell to his death from an elevated platform owned by the defendant. Liability against the defendant is predicated on the ground that the defendant had failed to provide the deceased with a good, safe and secure place to perform his work and had failed to provide good, safe and secure guards or railings around the place where he was to do his work. There was testimony in the case that the work was done on the unguarded platform for some two years prior to the accident and that decedent's employer, F. Rinaldi & Co., had supervision of the work during that period.

Basing its contention upon this proof, the defendant contended that if there be negligence, the negligence of decedent's employer was concurrent with the negligence of the defendant and that such concurrent negligence bars the suit of the employer's insurance carrier. By reason of this contention, special questions were submitted to the jury, which were answered as follows: " Q 1. Was Refined Syrups & Sugars, Inc. negligent * * * ? A 1. Yes. Q 2. Was F. Rinaldi & Co. concurrently negligent? A 2. Yes. Q 3. Was deceased free from contributory negligence? A 3. Yes. Q 4. If your verdict is for the plaintiff, state the amount. A 4. $12,000. Q 5. If your verdict is for the defendant, so state. A 5. No."

On the motion to dismiss the complaint, made at the close of the plaintiff's case and again at the close of the entire case, and also on the motion to set aside the verdict, the defendant contended that the employer's negligence bars its carrier, the plaintiff herein, from recovery.

The plaintiff can recover in the right of Alexander's dependents and to the extent they, as beneficiaries under the Decedent Estate Law, might have recovered, no more and no less (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273, 277). No new cause of action in favor of the plaintiff for the damages herein has been created. (*Matter of Zirpola* v. *Casselman, Inc.*,

237 N. Y. 367, 372; *Exchange M. I. Ins. Co.* v. *C. H. Gas & El. Co.,* 243 N. Y. 75, 80.) The same limitation of time for the commencement of this action applied to plaintiff as was applicable to the decedent's beneficiaries. (*Exchange M. I. Ins. Co.* v. *C. H. Gas & El. Co., supra,* p. 78.) And the plaintiff is not entitled to recover any more than could have been recovered by the beneficiaries. (*Zurich G. A. & L. Ins. Co.* v. *Childs Co.,* 253 N. Y. 324.) Furthermore, an adjudication at the instance of the dependents-beneficiaries would have been binding on the plaintiff, although not a party, and, conversely, the adjudication herein is binding on the dependents-beneficiaries although they are not parties hereto. (*Liberty Mutual Ins. Co.* v. *Colon & Co.,* 260 N. Y. 305, 311.)

Prior to the assignment of this cause of action to plaintiff, as aforesaid, the dependents were the sole beneficiaries of the damages herein awarded. (Decedent Estate Law, §§ 130, 133.) Consequently, the assignment to the plaintiff was to the full extent of the recovery herein. There remains, however, in the dependents the right to two thirds of the recovery herein in excess of the aggregate of the amount of compensation awarded to them and the medical expenses paid and the reasonable and necessary expenditures incurred in effecting the recovery herein by the plaintiff (Workmen's Compensation Law, § 29, subd. 2).

The purpose of the Workmen's Compensation Law is to regulate the relation between employer and employee, not between employee and the world at large. It destroys the right of action of the employee and his personal representatives against his employer. It substitutes therefor benefits which are not subject to the vagaries and uncertainties of litigation and the defenses incident to and which arise from said relation. It leaves unaffected the liabilities of third persons. (*Matter of Zirpola* v. *Casselman, Inc., supra,* p. 373; *Judson* v. *Fielding,* 227 App. Div. 430, affd. 253 N. Y. 596; *Carey* v. *Co-Co-Oi Transportation, Inc.,* 283 N. Y. 610.)

The object and purpose of section 29 was to permit the carrier to reimburse itself through an action against the third party, and to allow the deceased's dependents to recover a sum over and above the benefits awarded under the Workmen's Compensation Law. It is within the province of the Legislature to create the cause of action, define the person or persons by whom it shall be enforced, and designate the beneficiaries. (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127, 136, affd. *sub nom. Staten Island Ry.* v. *Phoenix Co.,* 281 U. S. 98.) It was not the purpose of the Legislature to create in favor

of the third party, the defendant herein, in respect of a suit for damages under section 130 of the Decedent Estate Law the defense here urged. Nor was it the intention of the Legislature to absolve the defendant from pecuniary liability for the decedent's death. It is the defendant's obligation, as well as the obligation of all other persons to the State, not to wrongfully cause the death of one of its citizens. (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co., supra,* p. 137.) The same result has been reached in other jurisdictions. (*Otis Elevator Co.* v. *Miller & Paine,* 240 F. 376, 379; *Milosevich* v. *Pacific Electric Ry. Co.,* 68 Cal. App. 662; *Fidelity & Cas. Co.* v. *Cedar Val. El. Co.,* 187 Iowa 1014; *Graham* v. *City of Lincoln,* 106 Neb. 305; *Utley* v. *Taylor & Gaskin, Inc.,* 305 Mich. 561.)

The conclusion that the employer's concurrent negligence is no bar to this action is fortified by a recent holding in the Appellate Division, Second Department, in *Caulfield* v. *Elmhurst Contr. Co.* (268 App. Div. 661). In that case Thomas J. Caulfield, while working for his employer, the Todd Erie Basin Dry Docks, Inc., met his death when a crane, owned by defendant and operated by its employee, fell and struck him. The plaintiff, as administratrix, commenced this action to recover damages, alleging that her intestate's death was caused solely by defendant's negligence. Defendant interposed an answer containing a general denial and a separate defense alleging intestate's contributory negligence. Subsequently defendant moved for leave to serve an amended answer. The motion was granted and plaintiff appealed. The proposed answer contained the same denial and defense as the original answer and, in addition, sought to set up as a complete defense and also by way of partial defense, that intestate's employer had secured compensation to its employees, in compliance with the Workmen's Compensation Law, and that the intestate's injuries resulting in his death arose out of and were received in the course of his employment. It further sought to allege that the negligence of intestate's employer or his fellow employees caused or contributed to the accident, and for that reason as well as by the express provisions of subdivision 6 of section 29 of the Workmen's Compensation Law, plaintiff's exclusive remedy was against the intestate's employer for the benefits enumerated in the Workmen's Compensation Law. Whether such a defense, complete or partial, is sufficient in law was the sole question passed upon. The legal effect of the additional defense set forth in the proposed amended answer was that if on the trial it appeared that the negligence of intestate's employer

or his fellow employees contributed to the accident, defendant would have been entitled to a dismissal of the complaint even if the proof also showed that defendant's negligence was the proximate cause or concurrent proximate cause. In reversing the order appealed from, the Appellate Division held since there is nothing in the statute or any of its subdivisions which abridges or limits the employee's — or, in case of death, the dependent's — common-law right of action against the third party, the contributory or concurrent negligence of intestate's employer or his fellow employees was not a defense to that action.

In deciding the case, the Appellate Division dealt with *Travelers Ins. Co.* v. *Schachner* (255 App. Div. 999, appeal, taken without leave, dismissed 280 N. Y. 758), *Aetna Casualty & Surety Co.* v. *Gronholz* (261 App. Div. 961, leave to appeal denied 285 N. Y. 855) and *Passzehl* v. *Metropolitan Distributors, Inc.* (262 App. Div. 778) which appear to have been decided on the theory that to permit an employer who was a self-insurer or a carrier to recoup compensation payments in spite of concurrent negligence would enable the employer or the carrier to profit by its own wrong and on which cases the defendant herein placed great reliance. In dealing with these cases, the Appellate Division said that they might be distinguished on the facts from the *Caulfield* case (*supra*), but insofar as they indicate a contrary view, they were overruled.

Cases, such as *Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.* (251 N. Y. 127, *supra*) and *Liberty Mutual Ins. Co.* v. *Colon & Co.*, 260 N. Y. 305, *supra*) relating to the carrier's right to recover from the third party payments made pursuant to subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, have no application. The right to such recovery is given directly to the employer or carrier and is " in addition to any cause of action by the legal representatives of the deceased." (Workmen's Compensation Law, § 29, subd. 5.) It is an independent cause of action, and not part of the cause of action vested in the deceased's representatives. (*U. S. Fidelity & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50, 54.) The cause of action is not derived from the deceased or his representatives. (*Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co., supra*, p. 136.) It is subject to any defense which the third party has or had. (*Phoenix* case, *supra*, p. 138.)

*American Mut. Liability Ins. Co.* v. *Alcoa S. S. Co.* (266 App. Div. 992) which related to the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*), may be distinguished from the case at bar on the ground that

under that particular statute the only person entitled to bring a third party suit is the employer. (*Globe Indem. Co.* v. *Atlantic Lighterage Corp.*, 271 N. Y. 234, 238.)

Accordingly, the motions to dismiss the complaint and to set aside the verdict are denied, with appropriate exceptions to defendant. Thirty days' stay of execution; sixty days to make a case.