■ LEROY MITCHELL, Respondent, v. A. A. TRUCK RENTING CORP., Appellant and Third-Party Plaintiff. STELSON MANUFACTURING CO., INC., Third-Party Defendant.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion to amend its answer so as to set up the defense that compensation is respondent's exclusive remedy because the accident was caused by one Losito, a fellow employee (Workmen's Compensation Law, § 29, subd. 6). Appellant owned a truck which it rented

to Stelson Manufacturing Co., Inc., the third-party defendant. Respondent was an employee of Stelson. On August 22, 1952, while the truck was being operated by Losito, the truck backed up and pinned respondent against a wall of Stelson's warehouse. Appellant's answer, served on October 22, 1954, contains a general denial. In September, 1958 appellant made the motion which resulted in the order appealed from. The motion was denied on the ground of laches of appellant and prejudice to respondent. Reargument was thereafter denied. Order reversed, without costs, and motion granted. The amended answer is to be served, if appellant be so advised, within 10 days after the entry of the order hereon. In view of the conflicting decisions causing uncertainty as to whether the defense now sought to be pleaded was sufficient, which conflict was not finally resolved until the determinations in *Rauch* v. *Jones* (4 N Y 2d 592) and *Naso* v. *Lafata* (4 N Y 2d 585), it is our opinion that appellant was not guilty of laches in failing to seek permission to amend its answer prior to the instant application. Whether the defense will be effectual will depend on the proof at the trial. If, as respondent claims, Losito was appellant's employee, the defense will be unavailing. If Losito was Stelson's employee, but his negligence was only a contributing cause of the accident and if, as respondent claims, appellant's negligence, independent of that of Losito, was either the sole or a contributing cause of the accident, the defense will likewise be unavailing. (*Caulfield* v. *Elmhurst Contr. Co.*, 268 App. Div. 661, affd. 294 N. Y. 803.) The defense will be sufficient only if Losito was Stelson's employee and his negligence was the sole proximate cause of the accident. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.