ANTONIO NASTA, Appellant, v. HARRY WAGNER et al., Doing Business under the Name of WAGNER CRANE SERVICE, et al., Respondents.— Order entered October 5, 1962, and judgment entered thereon, unanimously reversed on the law and the facts, and in the exercise of discretion, and defendants' motion for summary judgment denied, without costs, with leave to defendants to renew motion within 15 days after entry of the order hereon. This action is brought by an employee of a steel work contractor against the owner of a crane to recover for injuries alleged to have been sustained by plaintiff when a portion (the jib) of the unassembled crane fell with certain steel drums on which it had been placed. The defendants, the owners of the crane, urge that they were not in control of the crane at the time of the accident, and that the negligence, if any, was the negligence of the employees of the contractor for which the defendants would not be responsible. Incidentally, too, though not affirmatively pleaded in the answer as a defense (see Civ. Prac. Act, § 242), the defendants urge that the accident was caused by the acts or omissions of plaintiff's fellow employees and that therefore the action is barred by the provisions of the Workmen's Compensation Law (see §§ 11, 29). We would agree, of course, that if the control of the crane was surrendered completely to the employees of the steel work contractor with their assuming sole responsibility for delivery of the crane to the site and the assembling of the same, then, the defendants would not be chargeable with negligence in the matter of the placing or the fall of the jib. We would further agree that if the accident was caused solely by the acts or omissions of plaintiff's fellow employees, this would constitute a bar to the action. (See Workmen's Compensation Law, § 29, subd. 6.) It appears that the accident occurred on the day the crane and appurtenances were brought to the work site and, according to the payroll records, the engineer and oiler, allegedly in charge of the equipment, were, on that day, on the payroll of the steel work contractor. There are indefinite and conclusory allegations in the affidavits submitted by defendants that the engineer and oiler were not "in the employ of" or subject to "any orders or directions of" the defendants on the day of the accident; and, on the other hand, the affidavits submitted by plaintiff aver in conclusory form that at the time of the accident the crane, owned by defendants, "was in charge of their employees", the engineer and oiler. We have not been presented with the details as to contract for the leasing of the crane or as to the delivery of the crane and the placing of the jib on the oil drums, nor as to the details with respect to the hiring and duties of the engineer and oiler. On the record here, we are unable to determine whether or not issues of fact do exist in connection with the questions of control and the employment by the steel work contractor of the engineer and oiler. For all that appears, these employees, as argued by the plaintiff, may have been the general employees of the defendants, loaned to the contractor commencing on the day of the accident but still subject to the direct control of defendants. (See *Burton* v. *American Bridge Co.*, 297 N. Y. 993; *Ramsey* v. *New York Cent. R. R. Co.*, 269 N. Y. 219.) Furthermore, the defendants have not met the burden of establishing the applicability of the provisions of the Workmen's Compensation Law as a defense. In this connection, it is to be noted that the negligence of employees under direction and control of defendants in the placing of the jib, if any and if contributing to the accident, would be actionable even though plaintiff's fellow employees were also guilty of negligence in the premises. (See *Caulfield* v. *Elmhurst Contr. Co.*, 268 App. Div. 661,

affd. 294 N. Y. 803; *Strauf* v. *International Harvester Co.*, 14 A D 2d 977; *Mitchell* v. *A. A. Truck Renting Corp.*, 9 A D 2d 682.) Concur — Breitel, J. P., Rabin, McNally, Eager and Bastow, JJ.