Edward S. Conway, J.
This is a motion by the plaintiffs for an order granting the plaintiffs a summary judgment on the issue of liability only, and for a further order granting the plaintiffs an assessment of damages at the next ensuing Trial Term of this court.
The infant plaintiff, James Felder, contends that he was born on December 17, 1956 and that just before June 26, 1971 when he was 14 years of age, he applied to the defendants for employment as a garbage collector. He made application for the job at defendant Bernard Buderman’s office in Woodridge. Mr. Buderman is a corporate officer, stockholder and director of each of the defendant corporations. He showed a birth certificate to Mr. Buderman and told him that he was 14 and Mr. Buderman told him he needed working papers which the infant obtained. He commenced work in the end of June, 1971 as a helper on a garbage truck. His job was to accompany the driver of the truck and to pick up trash barrels from stop to stop along the route and to empty them into the body of the truck. On .July 29, 1971 he was working with a driver who was, as the infant was, employed by and on the payroll of defendant Town . Sanitation Co., Inc. The truck was a 1967 International Trash Packer which was owned by defendant Old Falls Sanitation Co., Inc. On that date he was run over by the truck while it was being operated by his fellow employee, the driver of the truck. As a result of the accident the infant’s legs were crushed and disfigured. He was hospitalized for about one year and is now crippled.
*870 The infant plaintiff seeks partial summary judgment for Ms personal injuries on the ground that the defendants knowingly permitted Mm to work in violation of the child labor laws, particularly section 133 (sub.d. 2, par. r) of the Labor Law wMch prohibits employment of minors under the age of 18 as a helper on a motor vehicle.
The defendants admit that each of the two defendant corporations owned several garbage trucks and that they used each other’s trucks interchangeably on consolidated garbage routes and further admit that the infant plaintiff was employed on June 26, 1971 by the defendant Town Sanitation Co., Inc. as a helper to load and unload garbage on trucks and that on the date of the accident he was working on a truck owned by defendant Old Falls Sanitation Co., Inc. Defendants further admit that they operated their garbage routes as a joint venture.
Defendants contend that summary judgment should be granted dismissing the complaint on the ground that the exclusive remedy available to the infant plaintiff is to proceed under subdivision 6 of section 29 of the Workmen’s Compensation Law. As to the defendants Town Sanitation Co., Inc. and Bernard Ruderman, his employer and fellow employee, tMs court agrees. It is not disputed that the infant plaintiff was so employed and that he was acting within the scope of his employment at the time of the accident.
Partial summary judgment dismissing the complaint as to the defendants Town Sanitation Co., Inc. and Bernard Ruder-man is therefore granted. (Noreen v. Vogel, 231 N. Y. 317.)
It is the further contention of the defendants that the infant plaintiff cannot sue the defendant Old Falls Sanitation Co., Inc. as an absentee owner of the truck, for an injured employee cannot sue the absentee owner of a vehicle driven by a coemployee when the accident occurred during the course of their employment, even though the owner of the vehicle is not his employer or coemployee.
The Court of Appeals in Rauch v. Jones (4 N Y 2d 592, 595, 596) stated:
“ Liability has been imposed by statute upon the owner of a paotor vehicle for the negligence of any person operating the Vehicle upon a public highway with the. express or implied permission of the owner (Vehicle and Traffic Law, § 59). A similar liability has been imposed jointly on the separate owners of a tractor and a trailer (Vehicle and Traffic Law, § 59-a). Prior to the amendment of the Workmen’s Compensation Law (L. 1934, ch. 695, as amd.), the owner of a vehicle was liable even *871 though he was a fellow employee. (Judson v. Fielding, 227 App. Div. 430, affd. 253 N. Y. 596.) Now, of course an employee injured through the tortious acts of a coemployee occurring within the course of the common employment cannot sue the coemployee in a direct action even though the coemployee is the owner of the vehicle. (Liston v. Hicks, 243 App. Div. 159, affd. 269 N. Y. 535.) The question is whether a direct action against the owner of the vehicle who is' not an employer or fellow employee has been barred by the enactment of subdivision 6 of section 29 of the Workmen’s Compensation Law (L. 1934, ch. 695, as amd.) which provides that: ‘ The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in the case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in .the same employ ’.
“ We think the purpose of the cited sections of the Vehicle and Traffic Law was to create a remedy for losses which an injured person had been subjected to in a class of cases where no right to relief existed. But where there is a specific remedy for a wrong, a derivative liability imposed by a statute does not attach inasmuch as provision for full redress for the losses suffered as a consequence of the wrong had been made. It is true that the compensation statute ‘ leaves untouched ’ the duties and liabilities of wrongdoers outside of the relation which it regulates ” (Caulfield v. Elmhurst Contr. Co., 268 App. Div. 661, 664, affd. 294 N. Y. 803). Nevertheless, 1 Fairly construed, it applies * * * where the negligence of a fellow employee was the sole proximate cause of the injury or death ’ (Caulfield v. Elmhurst Contr. Co., supra, p. 665). As the only negligence alleged in the amended 'complaint consists of negligent acts and omissions ascribed to the operator of the vehicle, plaintiff clearly seeks to recover for injury caused solely ‘ by the negligence or wrong of another in the same employ ’ and not because the defendant was a wrongdoer. This privilege is denied him by the compensation statute. ’ ’
However, this does not answer the question before this court where the alleged negligence of the defendant is an alleged violation of section 133 (subd. 2, par. r) of the Labor Law which is not based on the negligence of the fellow employee, driver or employer, but on the alleged negligence of the defendant Old Falls Sanitation Co., Inc. through its officer, servant and employee in that said defendant did permit or suffer the infant plaintiff to work as a helper on a motor vehicle in violation of section 133 of the Labor Law constituting negligence per se.
*872 Section 133 of the Labor Law provides: “2. Minors under eighteen. No minor under eighteen years of age shall be employed in or assist in: * * * (r) as a helper on a motor vehicle. ’ ’
The Court of Appeals in Vincent v. Riggi & Sons (30 N Y 2d 406, 409) stated: “ ‘ Employed ’ is elsewhere defined to include those ‘ permitted or suffered to work ’ (Labor Law, § 2, subd. 7). The language has been construed to include independent contractors * * * Indeed, in Bernal v. Baptist Fresh Air Home Soc. (275 App. Div. 88, 95, affd. 300 N. Y. 486), concerned both with section 130 and section 2 (subd. 7), the phrase ‘ permitted or suffered to work ’ was interpreted as including children employed by a subcontractor when the principal had knowledge of the employment ”. (Emphasis supplied.)
It is stated in Bernal v. Baptist Fresh Air Home Soc. (275 App. Div. 88, 95): “ Plaintiff also relies on cases in which violations were found to have been committed despite, it is claimed, the fact that a master and servant relationship did not exist between the infant and the owner or overall employer charged with having violated the statute. ‘ Employed ’ as used in Labor Law is defined to include ‘ permitted or suffered to work ’ (Labor Law, § 2, subd. 7). Thus when one engages an independent contractor to perform certain work and the contractor employs infants in violation of the statute, the one engaging the contractor will be held to have violated the law in permitting the infant to do the work; or when an employer with knowledge or sufferance of the practice permits his employee (not casually but for a long time with a fair measure of continuity and performance), to retain an infant under fourteen to help the employee in the employer’s business, the employer has been held liable (People ex rel. Price v. Sheffield Farms-Slawson-Decker Co., 225 N. Y. 25, 29-30).”
It is the opinion of this court that the phrase “ permitted or suffered to work ” must also be interpreted to include the employment of children by one corporation in a joint venture when the other corporation iin the venture had knowledge of the employment and suffered or permitted the employment to continue.
There can be no question but that the defendant Old Falls Sanitation Co., Inc., had knowledge of the employment of the infant plaintiff by its partner corporation Town Sanitation Co., Inc., in their joint venture of operating garbage disposal trucks and in particular the truck on which the infant plaintiff was *873 employed in violation of section 133 of the Labor Law at the time of the accident.
The motion for partial summary judgment is granted pursuant to CPLR 3212 as to defendant Old Falls Sanitation Co., Inc., as to the negligence of the said defendant and for an immediate trial of the issues of fact as to the amount or extent of the damages before the court and a jury.