CULPEPPER, Judge.
This suit was originally filed by the plaintiff, Theodule Vidrine, seeking damages for personal injuries sustained in an automobile accident. He was a passenger on a truck owned by his employer, Ashy *250 Construction Company, and being driven by a co-employee, Joseph A. Cormier. The Ashy truck was involved in an accident with an automobile being driven by a 17 year old minor, Dorothy Hardy. Plaintiff named as defendants the minor’s father, Awill Hardy, and his liability insurer, Michigan Millers Mutual Insurance Company.
Ashy Construction Company intervened, seeking reimbursement from defendant for workmen’s compensation paid to the plaintiff. Defendant then filed a third party demand against Ashy for contribution of its proportionate share of any judgment rendered on the principal demand against defendant. When plaintiff learned that defendant’s insurance coverage is limited to $5,000 and any damages awarded would go to Ashy, he withdrew from the case. The intervenor continued the litigation against defendant.
The district judge found both drivers negligent. Ashy’s intervention was dismissed on the grounds that the contributory negligence of its truck driver, Cormier, barred recovery of workmen’s compensation paid to Vidrine. Vidrine’s suit on the principal demand was dismissed as of non-suit and, of course, the third party demand was also rejected. The intervenor, Ashy Construction Company, appealed. Michigan Millers Mutual Insurance Company did not appeal or answer the appeal to seek modification of the judgment.
The issues are: (1) Was Ashy’s truck driver, Cormier, negligent? (2) Is Ashy’s intervention, for reimbursement of workmen’s compensation paid to Vidrine, barred by the contributory negligence of its employee driver, Cormier?
The accident occurred in the city of Abbeville on the “old Kaplan highway”, a two-way, two-lane thoroughfare of blacktop construction, 16 feet in width, with dirt shoulders and shallow ditches on each side and running in an east-west direction. The Ashy truck was proceeding in a westerly direction at a speed of approximately 20 miles per hour. The driver, Cormier, testified that as he approached the intersection of Joffre Street, the Hardy automobile, which was following him, initiated a passing maneuver. Cormier says that when the automobile came alongside the truck, the left wheels of the automobile went off the pavement onto the muddy shoulder, causing it to run down into the ditch on the south side of the highway. The driver of the automobile then lost control and came out of the ditch back onto the highway, immediately in front of the truck. This forced the truck driver to apply his brakes abruptly. When the brakes of the truck were applied, the plaintiff, Vi-drine, who was a passenger in a “dog house” on the back of the truck, was thrown around and received serious injuries. The vehicles did not actually come in contact with each other. The truck stopped a few feet short of the intersection. The automobile went on across to the north side of the highway and thence back to the ditch on the south side where it stopped several feet west of the intersection.
Cormier denies that he caused the Hardy vehicle to run off the road. He testified that he did not cross the center line, but his testimony as a whole is vague and unimpressive in this regard. Also, a city policeman testified the “tracks” of the truck showed it went straight and stayed on the right side of the road.
Miss Hardy and her two passengers, Peggy Hardy and Lottie Hebert, testified that they were proceeding in a westerly direction on the old Kaplan highway at a speed of about 20 miles per hour. They say Miss Hardly blew her horn twice, and then accelerated to pass the truck. When the automobile came alongside the truck, it came into the passing lane and forced the automobile off the road into the ditch. The driver was finally able to guide the car out of the ditch before it reached the intersection. But she lost control and the vehicle crossed the highway in front of the Ashy truck. Then the automobile went *251 back across to the ditch on the south side of the highway where it came to rest west of the intersection.
The Hardy version of the accident is strongly corroborated by an eyewitness, Mr. Semar LeBlanc, who was only about 40 feet from the point where the truck stopped. LeBlanc testified that when he heard the horn and the brakes he looked and saw the Hardy vehicle was passing the truck. He says the truck moved across the center of the highway and took “three-quarter of the road” in order to avoid striking several holes in the pavement along the north side. Pictures filed in evidence show such holes. It was LeBlanc’s testimony that the truck forced the Hardy vehicle off the road and caused the driver to lose control.
The testimony is conflicting but there is ample evidence to support the finding of fact by the trial judge that the Ashy truck driver was negligent in moving into the passing lane and forcing the Hardy automobile off the highway. Certainly, his holding is not manifestly erroneous.
Since the defendant, Michigan Millers Mutual Insurance Company, has not appealed or answered the appeal, we cannot revise, modify, set aside or reverse the district court finding that Miss Hardy was also negligent. LSA-C.C.P. Articles 2082 and 2133; Texas Gas Transmission Corporation v. Hebert, 207 So.2d 368 (La.App. 3rd Cir. 1967); Advertise, Division of Independent, Inc. v. Tubbs, 208 So.2d 340 (La.App. 3rd Cir. 1967); Pierce v. Hartford Accident & Indemnity Company, 184 So.2d 241 (La.App. 1st Cir. 1966). Hence, we affirm the trial court holding that both drivers were negligent.
The next issue is whether the employer’s claim for reimbursement of workmen’s compensation is barred by its contributory negligence? We find our Supreme Court has decided the issue. It held the negligence of the employer is immaterial to its claim for reimbursement.
The pertinent statutory provisions are found in LSA-R.S. 23:1032, which provides that the employee’s rights against his employer for workmen’s compensation benefits are exclusive. The effect of this statute is that the employee cannot sue his employer in tort for such injuries. Also, LSA-R.S. 23:1101-23:1103 which provide that when the employee’s injury is caused by some negligent third person the employee may sue such third person in tort, in addition to his right to compensation benefits from his employer. The employer may intervene or bring a separate suit against such third person to recover any amounts which he has paid or become obligated to pay as workmen’s compensation to the injured employee. See LSA-R.S. 23:1101-23:1103 for the full statutory provisions in this regard.
In City of Shreveport v. Southwestern Gas & Electric Company, 140 La. 1078, 74 So. 559 (1917) a city fireman was electrocuted when he came in contact with an uninsulated wire maintained by the defendant electric company. His widow and children settled their workmen’s compensation claim against the city for $15,000 and entered into a contract whereby the city was subro-gated to the rights of the widow and children against the electric company. The city then filed suit against the electric company urging a subrogation both under Section 7 of Act No. 20 of 1914 and under its conventional subrogation. The defendant electric company filed an exception of no cause of action on the grounds that the Compensation Act in effect at that time provided only for reimbursement to the employer for compensation paid the employee and not for compensation paid to his dependents. The district court sustained the exception. On appeal our Supreme Court affirmed the ruling that there *252 was no legal subrogation under the Workmen’s Compensation Act but held the conventional subrogation did give rise to a cause of action.
When the case was remanded for trial, the district court found as a fact that the electric company was negligent in maintaining an uninsulated wire. Defenses of contributory negligence on the part of the fireman and the city were rejected and the city was awarded reimbursement for compensation. On appeal, City of Shreveport v. Southwestern Gas & Electric Company, 145 La. 680, 82 So. 785 (1919) our Supreme Court affirmed. The court took cognizance of the fact that in 1918 the Workmen’s Compensation Act was amended, Act No. 38 of 1918, to allow reimbursement for compensation paid to dependents. However, the cause of action at bar occurred before 1918 and hence there was no legal subrogation. Nevertheless, the court held that under its conventional subrogation the city had a cause of action against the electric company. With particular reference to the defenses of contributory negligence on the part of the city the court held:
“Other defenses are contributory negligence on the part of the plaintiff city, and estoppel because of the city’s electrician not having condemned the location of this wire, but having, on the contrary, impliedly approved it by not objecting to it. Suffice it to say of these defenses that the city is not suing in her own right, but is simply enforcing the rights of the widow and children of the decedent.”
Malone, Louisiana Workmen’s Compensation Law & Practice, Section 367 at pages 475-476 discusses the City of Shreveport cases:
“It would seem that if the employer himself were guilty of negligence which, in conjunction with that of the third party, brought on the accident, the employer should be denied reimbursement for the compensation he has paid the employee.
Since the principle underlying Section 7 is the notion of requiring the wrongdoer to indemnify the blameless employer, this principle would be inapplicable where the employer were as guilty as the party being sued. Many decisions in other jurisdictions have so held. It cannot be successfully contended that the effect here would be to permit the employee to recover by indirection from the employer contrary to Section 34 of the Compensation Act, since the employee is insisting only that the faulty employer should not be allowed a bite out of the damages to which the employee is justly entitled from the third party. However, in the one Louisiana case in which this problem was presented the court stated that the carelessness of the employer is immaterial in his claim for reimbursement of compensation paid.”
The “one Louisiana case” referred to in the above quotation from Malone is City of Shreveport v. Southwestern Gas & Electric Company, 145 La. 680, 82 So. 785 (1919). Malone’s view is that this case is controlling in Louisiana. Several courts have also considered the case to have settled the question in Louisiana. International Paper Company v. Arkansas & Louisiana M. R. Co., 35 So.2d 769 (La.App. 2nd Cir. 1948); Day v. National U. S. Radiator Co., 117 So.2d 104 (La.App. 1st Cir. 1959), reversed on other grounds, 241 La. 288, 128 So.2d 660; United Gas Corporation v. Guillory, 206 F.2d 49 (5th Cir. 1953); General Electric Co. v. Cuban American Nickel Co., 396 F.2d 89 (5th Cir. 1968).
The defendant in the present case argues that the City of Shreveport case is distinguished since recovery there was allowed on a conventional subrogation rather than a legal subrogation under the Workmen’s Compensation Act. We fail to see this as *253 a basis for distinction. The rationale of the City of Shreveport decision is that “the city is not suing in her own right, but is simply enforcing the rights of the widow and children of the decedent.” Under such a rationale, it makes no difference whether the city acquired its rights by a legal or a conventional subrogation. The above cited authorities found no such basis for distinguishing the City of Shreveport case, and we agree. •
The defendant also points out that the decision in the City of Shreveport case was made without discussion. In the above quotation from Malone we see that he disagrees with the result reached and cites cases from other states which hold to the contrary. It may be that our Supreme Court will want to re-examine the question. However, until they do we think the case is controlling.
We conclude that Ashy Construction Company is entitled to reimbursement from the negligent third party to the extent of the $5,000 policy limit. Of course, defendant’s third party demand against Ashy must be rejected under the settled jurisprudence that a tort-feasor cannot seek contribution from the claimant’s employer, even though the employer is also negligent. See Bagwell v. South Louisiana Electric Co-op Assoc., 228 So.2d 555 (La.App. 3rd Cir. 1969) and the cases cited therein.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the intervenor, Ashy Construction Company, and against the defendants, Michigan Millers Mutual Insurance Company and Awill Hardy, jointly and in solido, for the sum of $5,000, together with legal interest thereon from date of judicial demand until paid and all costs of these proceedings, both in the district court and on appeal.
Reversed and rendered.