268 So.2d 233

Theodule VIDRINE, Plaintiff,

Ashy Construction Company, Intervenor-Appellant-Respondent,

v.

MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Defendant-Appellee-Relator.

No. 51135.

Feb. 21, 1972.

On Rehearing Oct. 4, 1972.

Rehearing Denied Nov. 6, 1972.

Champagne & Colomb, Patrick L. Colomb, Lafayette, for defendant-relator.

Guillory, Guillory & Guillory, Isom J. Guillory, Jr., Eunice, for plaintiff-respondent.

TATE, Justice.

The only issue before us concerns the right of an employer, who has paid workmen's compensation benefits to an injured employee, to be indemnified for such benefits by a third person whose negligence has caused or contributed to the employee's injuries. La.R.S. 23:1101–03. The precise issue is whether the employer, if he is negligent himself, is entitled to recover such benefits from a joint tortfeasor.

For reasons detailed by the court of appeal opinion, 242 So.2d 249 (La.App.3d Cir. 1970), the only claim before us is that of the intervenor, Ashy Construction Company, for reimbursement of the workmen's compensation benefits paid by it as employer to the original plaintiff, its employee Vidrine. Vidrine was injured at work while riding as a passenger in an Ashy company truck driven by a co-employee, Cormier. The Ashy truck was involved with a Hardy automobile in an accident caused by the negligence of both drivers. The defendant is the liability insurer (Michigan Millers) of the Hardy automobile.

Despite the negligence of the Ashy driver, the court of appeal allowed Ashy recov-

ery for compensation benefits paid to Vidrine (who was himself free of negligence) up to the defendant's policy limits of $5,000. In so doing, the court of appeal relied on an earlier decision of this court, which it (and some other intermediate court decisions) construed as holding that the negligence of the employer is immaterial to its claim for reimbursement.

We granted certiorari, 257 La. 855, 244 So.2d 608 (1971), because we wished to re-examine the holding in that early decision, City of Shreveport v. Southwestern Gas & Electric Co., 140 La. 1078, 74 So. 559 (1919).

Before doing so, it may be appropriate to discuss the nature of the employer's right to reimbursement from a tortfeasor of compensation benefits paid to an employee injured through such third person's negligence.

This right is provided by La.R.S. 23:1101–1103 (1950). The present enactment employs substantially the same language as set forth in a 1920 amendment of our workmen's compensation act. See Act 247 of 1920, re-enacting section 7 of our workmen's compensation act. Before this 1920 amendment, and as originally enacted, the employer was merely subrogated to the right, if any, of the injured employee to recover against the third person. See: Act 20 of 1914, Section 7; Act 38 of 1918, re-enacting Section 7.

However, by the 1920 amendment the employer was granted a right independent of the employee's to be indemnified fied for compensation benefits paid to an employee because of the third person's tort; the employer's right to recover does not depend upon subrogation to the rights of the employee. Board of Commissioners, etc. v. City of New Orleans, 223 La. 199, 65 So.2d 313 (1953). In Marquette Casualty Co. v. Brown, 235 La. 245, 103 So.2d 269, 271 (1968), we summarized as follows the employer's rights to indemnification by reason of the statutory provisions here applicable:

"Considering the provisions of R.S. 23:1101, 1102 and 1103 together, it seems plain that there is but one cause of action recognized for the recovery of damages resulting from a single tort. However, the right of redress against the tortfeasor has been extended by the provisions to the injured workman's employer, who is accorded a preferential right to recover, out of the judgment for damages which may be assessed against the tortfeasor, the amount of compensation he has paid or become obligated to pay to the injured employee. This right is, of course, conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer's recovery is accordingly limited to that amount. Thus, though the compen-

sation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tortfeasor is liable to the injured employee for the consequences of his wrongful act."

This summary correctly describes the *non-negligent* employer's right to indemnification arising out of tort injury to his employee compensated therefor under workmen's compensation law.

If this language were literally applied to the present facts, the employer Ashy, despite its own contributory negligence (imputed to it because of the fault of its driver-employee), can recover from the joint tortfeasor insurer for the compensation benefits paid to its injured employee, Vidrine. For, Vidrine, himself being free of fault as a mere passenger, could have recovered (had he persisted with his suit) the damages caused him by the tortfeasor, subject to the preferential indemnification of his employer off the top of the plaintiff employee's award.[1]

The quoted language, however, must be viewed in the context of the question there at issue. The limited question before the court was whether the indemnification suit by the employer's compensation insurer was prescribed as in the case of tort suits, since filed more than one year after the accident. Civil Code Article 3536. The primary determination of this court was that the cause of action sounded in tort, with the prescriptive period commencing at the date of the accident and not at some later date when a right to indemnification accrued.

The court was not there concerned with the question of whether an employer could recover from the joint tortfeasor for benefits paid, despite any negligence by such employer contributing to the accident. Neither was such issue involved in Board of Commissioners, etc. v. City of New Orleans, 223 La. 199, 65 So.2d 313 (1953), perhaps the leading case analyzing the employer's right to indemnification as being independent of the employee's right to recover—the issue there being whether the employer could recover for compensation paid to an illegitimate child of a worker killed through a third person's negligence, although the illegitimate child himself was not entitled at that time to wrongful death benefits under Civil Code Article 315. See also Thomas v. Matthews Lumber Co., 253 La. 1, 215 So.2d 832 (1963).

The precise question before us, so far as we can find, has never been passed upon by an opinion of this court.

Characterized relevantly to the present issue, the cited jurisprudence holds that the

---

1. Vidrine withdrew from the suit, since the indemnification of the employer would exhaust the policy limits of the defend- ant, Michigan Millers, and thus Vidrine himself would receive nothing.

employer's right to indemnification is a statutorily created right to tort recovery against a negligent tortfeasor independent of the employee's.[2] The cited jurisprudence does not require us to hold that a negligent employer may nevertheless be indemnified by his joint tortfeasor for benefits paid to his employee.

Since the indemnification action by the employer is in tort, we see no reason why we should not apply the usual rule in tort cases that a claimant's contributory negligence bars his recovery.

By reason of the workmen's compensation act, the employer may have paid benefits to his injured employee. However, the employer is so liable for injuries at work whether or not the negligence of a third person caused them.

The legislature may have authorized a non-negligent employer to be indemnified by the tortfeasor. Nevertheless, we find no legislative intent to permit such indemnification to an employer whose negligence has itself contributed to the employee's injuries, in contravention of the general tort principle that one himself at fault cannot recover damages caused in whole or part by his own fault. To allow a windfall to a negligent employer does not seem to be within the intent of the compensation statute; if there is to be a windfall, it should be in favor of the employee, for whose protection the compensation act was enacted and in whose protection such statute should be liberally construed.

Such a conclusion is in accord with the analysis by Professor Wex Malone in his

2. The cited decisions of this court characterize the accident as giving rise to a single cause of action in tort, although the employer's independent right of action to secure indemnification is created by statute. For purposes of prescription, our decisions specifically hold that the employer's right to indemnification is not a separate and distinct cause of action (see Marquette Casualty Co. v. Brown, cited in text), so that a suit by the employer or his insurer interrupts prescription on the cause of action and permits a past-year intervention by the employee for his own personal injuries, National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965). The last cited case, however, specifically quotes the definition in Hope v. Madison, 192 La. 593, 188 So. 711, 715 (1939) that a cause of action is "the situation or state of facts which entitles a party to sustain an action", i. e., which gives him "a right to judicial interference in his behalf". In the writer's personal view, the attempted distinction between the employer's "cause" and "right" of action is inconsistent with such an analysis and, moreover (see Malone, Louisiana Workmen's Compensation, 1951, Section 367 at 1964 pocket supp.), is confusing. In the writer's opinion, the better view is that the employer is granted an independent tort cause of action by the statute, with prescription commencing to run from the accident, and with intervention after the year permitted by either the employer or the employee in a timely filed suit by the other, see National Surety Corp, cited above. However, for present purposes, under either this analysis or that of the cited cases, the result would be the same (as it would in all cases cited herein).

authoritative work, Louisiana Workmen's Compensation, Section 367, at pp. 475–476 (1951):

"It would seem that if the employer himself were guilty of negligence which, in conjunction with that of the third party, brought on the accident, the employer should be denied reimbursement for the compensation he has paid the employee. Since the principle underlying Section 7 [La.R.S. 23:1101–1103] is the notion of requiring the wrongdoer to indemnify the blameless employer, this principle would be inapplicable where the employer were as guilty as the party being sued. Many decisions in other jurisdictions have so held. It cannot be successfully contended that the effect here would be to permit the employee to recover by indirection from the employer contrary to Section 34 [La.R.S. 1032] of the Compensation Act, since the employee is insisting only that the faulty employer should not be allowed a bite out of the damages to which the employee is justly entitled from the third party. However, in the one Louisiana case [Footnote cites City of Shreveport v. Southwestern Gas & Elec. Co., 145 La. 670, 82 So. 785 (1919)] in which this problem was presented the court stated that the carelessness of the employer is immaterial in his claim for reimbursement of compensation. paid." [3]

In holding that the employer's contributory negligence was immaterial to its suit for indemnification against the tortfeasor, the intermediate court in the present case relied only upon the "one Louisiana case" to this effect cited by Professor Malone: City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 So. 785 (1919); see also earlier decision at 140 La. 1078, 74 So. 559 (1919).[4]

3. As Professor Malone notes, the other American jurisdictions are divided as to whether the employer's contributory negligence, either actual or imputed, bars his recovery. See also 101 C.J.S. Workmen's Compensation § 1010(c); 58 Am.Jur. "Workmen's Compensation", Section 359. It is fair to state, however, that another national authority on workmen's compensation believes that, in the interest of avoiding double recovery (and since the "employer's" negligence is really vicarious liability for the negligence of a co-employee), the better view should be that the employer should not be barred by a defense of concurring negligence when the negligence is that of a co-employee. 2 Larson, The Law of Workmen's Compensation, Sections 71.20 and 75.23 (1970). In footnote 73 to the portion of his text quoted in our opinion, Professor

Malone also admits that an employer not personally negligent—but only vicariously liable through the carelessness of his workers—should perhaps not be denied indemnity; but he adds that none of the cases dealing with the employer's fault distinguish vicarious liability from personal fault. Actually only in the comparatively rare case of a small enterprise operated by an individual is the "employer's" contributory negligence personal carelessness rather than vicarious liability. As here, where the "employer" is a corporation, most employers are liable only vicariously because of the fault of their agents and employees.

4. In the intervening fifty years, this case has been cited only infrequently for the proposition in question. It has, however, been characterized as holding to the

The actual holding of that case is considerably narrower. At the time, before the 1920 amendment, the Louisiana workmen's compensation act provided that the employer's suit for indemnification was as subrogee of the injured employee.[5] In fact, in the City of Shreveport case the employer, the plaintiff city, had filed suit by virtue of a conventional subrogation from the widow of the accidentally-killed employee. The sole basis for allowing the employer to recover for compensation paid, despite its own negligence, was stated as follows, 145 La. 685, 82 So. 787:

"Other defenses are contributory negligence on the part of the plaintiff city, and estoppel because of the city's electrician not having condemned the location of this wire, but having, on the contrary, impliedly approved it by not objecting to it. Suffice it to say of these defenses that the *city is not suing in her own right, but is simply enforcing the rights of the widow and children of the decedent.*" (Italics ours.) (The decedent employee had been held free of fault.)

By virtue of the 1920 amendment and the subsequent jurisprudence cited in the earlier part of this opinion, the right of the employer to recover compensation paid to an injured employee is an independent right; it no longer depends upon subrogation to the rights of the employee. Thus, the basis of our decision in the City of Shreveport case has since been repudiated by the legislative amendment and subsequent jurisdictional interpretations that the employer proceeds for indemnification in his independent right and not as subrogee of the employee.

Therefore, as in the case of any other tort plaintiff, we see no reason why the employer's own contributory negligence should not bar his recovery in his indemnification suit, and the *City of Shreveport* holding is not to the contrary.

In the present suit, the defendant tortfeasor's insurer had filed a third-party demand against Ashy, seeking contribution from Ashy as joint tortfeasor in the event the injured employee recovered damages as plaintiff in the tort suit. The intermediate

---

effect noted in the few cases on the point: Andrus v. Security Ins. Co., 161 So.2d 113 (La.App.3d Cir., 1964); Day v. National—U. S. Radiator Corp., 117 So.2d 104 (La.App. 1st Cir., 1959), reversed on other grounds, 241 La. 288, 128 So.2d 660 (1961); United Gas Co. v. Guillory, 206 F.2d 49 (5th Cir., 1953). It has also once been cited as supporting analytically the proposition that the third-person tortfeasor is not entitled to contribution

from the jointly negligent employer for damages owed to the latter's employee because of the concurring negligence of the third person and the employer. Hebert v. Blankenship, 187 So.2d 798, (La.App. 3d Cir., 1966).

5. See summary of statutory history in Chauvin v. Louisiana Power & Light Co., 177 La. 193, 148 So. 23 (1933).

court denied contribution under the jurisprudence developed by the courts of appeal that a tortfeasor cannot seek contribution from the claimant's employer even though the employer is also concurrently negligent.

See: Bagwell v. South Louisiana Electric Co-Op. Assn., 228 So.2d 555 (La.App. 3d Cir., 1969) and the cases cited therein; General Electric Co. v. Cuban American Nickel Co., 396 F.2d 89 (5th Cir. 1968). Contra; Moak v. Link-Belt Co., 229 So.2d 395, 414–416 (La.App. 4th Cir., 1969). See also Comment, The Right of a Third Party to Contribution or Indemnity from a Louisiana Workmen's Compensation Employer, 38 Tul.L.Rev. 536 (1964).

This court has never spoken on this issue whether the provision of La.R.S. 23:1032, granting an *employee* a right to a compensation award exclusive of any tort remedy, likewise operates so as to bar a *joint tortfeasor* from securing contribution from the employer for the tort damages caused through the employer's concurring negligence.[6] This issue is not before us, however, under the present pleadings. The employee Vidrine's own suit for damages was dismissed, as was the defendant insurer's third-party demand against Ashy; these dismissals are final, as no review was sought of the trial court judgment which dismissed them. The issue of contribution is therefore not before us.

For the foregoing reasons, we hold that the contributory negligence of the intervenor, Ashy Construction Company, bars its recovery against the defendant(s) herein. Accordingly, the judgment of the court of appeal awarding recovery on the intervention is reversed, and the trial court judgment dismissing the intervention of Ashy Construction Company is affirmed. The costs in the trial court are assessed as provided by its decree; the costs of the appeal and of review by this court are assessed against the intervenor, Ashy Construction Company.

Reversed and dismissed.

McCALEB, C. J., dissents, being of the opinion that the decision of the Court of Appeal is correct. See 242 So.2d 249. The attempt of the majority to distinguish City of Shreveport v. Southwestern Gas & Electric Company, 145 La. 680, 82 So. 785, is unreal for R.S. 23:1101–03 in essence

---

6. We granted certiorari to review this issue as decided by the court of appeal in *Moak*, above cited, see 255 La. 549, 550, 551, 232 So.2d 75, 76 (1970), but the parties dismissed the countering claims when the appeal was heard in this court. 257 La. 281, 242 So.2d 515 (1970). See also City of Shreveport v. Southwestern

Gas & Electric Co., 145 La. 680, 689–690, 82 So. 785, 789 (1919), which notes that the exclusive limiting provision of the workmen's compensation act "is restricted to contracts between employers and employés and to compensation by employers to employés", and that the exclusive remedy of the act is limited to bar an action

confers simply a *right* of legal subrogation (not a separate *cause* of action for indemnification) in favor of every compensation-paying employer against negligent third persons. Not only does the decision today effectually overrule the City of Shreveport case (under the guise of distinction), it also overrules several cases from our Courts of Appeal and like conclusions of the Fifth Circuit Court of Appeals of the United States, *sub silentio,* despite the fact that over these many years the Legislature itself has not amended the statute to effect an overruling of his jurisprudence. In confining the right of action granted to all compensation-paying employers to those who are "faultless", the decision herein, adopting the views of Professor Malone, constitutes a judicial amendment to the statute which presently permits no such classification of employers.

BARHAM, Justice (dissenting).

The plaintiff Vidrine sued the defendant Michigan Millers Mutual Insurance Company for damages for injuries resulting from an automobile accident. Vidrine's employer, Ashy Construction Company, intervened, claiming indemnification for the workmen's compensation benefits it had paid to Vidrine, and the defendant reconvened against the intervenor for contribution. The plaintiff employee Vidrine withdrew his suit, and the defendant's counterclaim against the intervenor for contribution fell.[1] Only the intervention of the employer for indemnification remains.

The defendant pleaded the "contributory negligence" of the intervenor as a bar to its claim for indemnification, alleging that Vidrine's co-employee was concurrently negligent with the other driver, who was insured by defendant.

"by an employé and his dependents . . . against his employer, or the insurer of the employer, or the employer of an employer."

1. The majority here has made some extended comments as to a third party tortfeasor's right of contribution from an employer who is a joint tortfeasor. We should be very careful about distinguishing *contribution between joint tortfeasors* and *contribution from a vicariously liable employer under workmen's compensation to a tortfeasor.* The case of Moak v. Link-Belt Company, 257 La. 281, 242 So.2d 515, did not present for the Louisiana Supreme Court a question of contribution. There the trial court and the Court of Appeal (229 So.2d 395) concluded that the *plaintiff employees* of both companies had established the right to recover under a finding of negligence on the part of both companies only under the *doctrine of res ipsa loquitur,* an evidentiary rule which can be invoked only by certain parties under exceptional circumstances. Thus both the Court of Appeal and the trial court concluded that, as between the defendants Link-Belt and American Sugar, *neither had carried the burden of proving the negligence of the other.* Tort liability as between the parties was not resolved since neither carried the burden of proof, and *contribution* of a joint tortfeasor was not a proper issue for the appellate court. Each was entitled to recover from the other on the theory of *indemnity* under workmen's compensation.

The intervenor's right to recover against this defendant is a statutory right found in R.S. 23:1101–1103, which is a part of the Louisiana Workmen's Compensation Act. That indemnification is clearly and concisely spelled out. R.S. 23:1101 in pertinent part reads: "Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person [one who is legally liable in damages to the employee for an injury] to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent." Under R.S. 23:1102 the employer's right to indemnification through intervention, here exercised, is granted, and R.S. 23:1103 grants to the employer who has paid compensation benefits a claim for compensation actually paid which takes precedence even over the injured employee's or his dependent's claim for recovery.

It can thus be seen that there is no equivocation in the statutes as to the employer's right of indemnification against any third person who is liable in damages for an injury suffered by the employee for which the employer has paid compensation benefits.

The majority cites Malone, Louisiana Workmen's Compensation Law and Practice § 367, for the proposition that the principle underlying Section 7 of the act (R.S. 23:1101–1103) "is the notion of requiring the wrongdoer to indemnify the *blameless* employer". (Emphasis mine.) It is from this point of departure that the majority finally holds that any legal contributory negligence—imputed, derivative, personal, or independent—on the part of the employer bars his recovery in indemnification for compensation benefits. The initial departure leads to a final conclusion which is totally invalid.

Nothing contained in these statutes qualifies the employer's right to obtain indemnification. Unless that statutory right is abridged by other statute or is against public policy, it is absolute. The right is not dependent on absence of negligence.

I begin with the premise, then, that an employer has an absolute statutory right to be indemnified by any third party who is liable in damages for the injury to the employee for which the employer has paid workmen's compensation benefits. Next I point out that although there may be reasons under public policy for a departure from the absolute right to indemnification, that case is not before us. There is an equitable principle of common law that one who has unclean hands or is himself a wrongdoer should not be able to benefit from the concurrent wrongdoing of another. This is the principle enunciated in a small minority of the states in order to qualify and limit the employer's right to indemnification under their workmen's compensation law. In those jurisdictions,

that negligence which is a bar to the employer's recovery in indemnification is termed "independent personal negligence", which is to distinguish it from derivative or imputed negligence giving rise to vicarious responsibility.

Now to the instant case: No *independent personal negligence* on the part of the intervenor Ashy is pleaded; only the derivative or imputed negligence of its employee-servant which fixes vicarious responsibility has been urged. The majority has nevertheless held that the negligence of the co-employee is to be here imputed to the employer under the theory of vicarious responsibility so as to constitute concurring contributory negligence which will bar the employer's right to indemnification for the workmen's compensation benefits it has paid the injured employee. The employer here was only vicariously liable to third parties for the negligence of the co-employee. The employer was not even vicariously liable in tort for the negligent acts of the co-employee as between that co-employee and another employee.

" * * * It is incorrect to say that the negligence of a co-employee is the employer's negligence, when the injured person is also an employee; the principle of vicarious liability simply does not apply. Thus, if claimant C at the time of the accident was riding in the employer's truck driven by co-employee D, and was injured in a collision caused by the combined negligence of D and a third party T, one can, of course, say with propriety that, in an action by T against the employer for damages to T himself, the employer is vicariously liable for the negligence of D. But in an action by the employer against T, based on C's injuries, one cannot properly say that the injuries were in part imputable to the 'employer's' negligence, because, vis-à-vis his employee C, the employer is not vicariously liable for the negligence of D.

"Accordingly, the better view seems to be that the employer should not be barred by a defense of concurring negligence, when the negligence is only that of a co-employee.

"On the other hand, if the employer's negligence was not based on vicarious liability, but was direct and personal, the employer's suit could be barred in those jurisdictions which use the concept of 'subrogation,' on the general equitable subrogation principle that the subrogee must not himself be at fault or guilty of contributing to the loss on which he sues." 2 Larson, The Law of Workmen's Compensation § 75.23.

A stronger but similar view is expressed by Malone, supra in footnote to the discussion quoted by the majority: "If the employer is not *personally* negligent, *but the carelessness of one of his workers combines with the wrongdoing of a third party* to cause the injury to the worker, it

seems that the *employer should not be denied indemnity* against the third party wrongdoer. It is familiar law in most states that an employer who is held liable to a third person because of the negligence of his servant is entitled to indemnity from the servant, and by the same token he should be allowed indemnity against the third party. However, none of the cases dealing with the effect of the employer's *fault* on his right to indemnity in compensation have distinguished vicarious liability from *personal fault."* (Fn. 73, p. 476.) (Emphasis supplied.) [2] For additional discussion, see Larson, Workmen's Compensation: Third Party's Action Over Against Employer, 65 Nw.U.L.Rev. 351; McCoid, The Third Person in the Compensation Picture, 37 Tex.L.Rev. 389; Comment, 25 U.Chi.L.Rev. 522; Note, 36 Minn.L.Rev. 549; Note, 37 Iowa L.Rev. 84; Note, 42 Ind.L.J. 430; Note, 9 Utah L.Rev. 939; Note, 13 Vand.L.Rev. 772.

While the majority acknowledges in footnote 3 that Malone and Larson hold the view of a limited bar to indemnification, i. e., independent negligence, it concludes that since only in rare cases is the employer's contributory negligence the re-

sult of personal carelessness rather than vicarious fault, that view should not be given credence. Thus with the broad brush of pen the majority has disregarded express and unambiguous statutory language and determined a vital question in the field of workmen's compensation without giving full consideration to the possible alternatives.

The North Carolina Supreme Court in a series of cases has made the very distinction suggested by Malone and Larson. The jurisprudence in that state is to the effect that negligence imputable to an employer under the common law doctrine respondeat superior is not a bar to his recovery for workmen's compensation against a third party, but that "independent negligence" may be pleaded in bar of his recovery against such a third party. Brown v. Southern Ry. Co., 204 N.C. 668, 169 S.E. 419; Essick v. City of Lexington, 232 N.C. 200, 60 S.E.2d 106; Essick v. City of Lexington, 233 N.C. 600, 65 S.E.2d 220; Poindexter v. Johnson Motor Lines, 235 N.C. 286, 69 S.E.2d 495; Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886; Hunsucker v. High Point Bending & Chair Co., 237 N.C. 559, 75 S.E.2d 768.[3]

2. Vicarious responsibility of the employer for the employee's acts in Louisiana and in common law stems not from the idea of any actual negligence, moral fault, or wrongdoing on the part of the employer, but is based upon the socio-economic theory that one who controls the activities of another and receives the financial

benefits of those activities should be responsible to third parties. See Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968); Barham, Liability Without Fault, XVII No. 4 La.Bar J. 271.

3. For the further application of the "independent negligence" doctrine see Liberty

The general rule of law, however, makes no distinction between independent and imputed negligence, and is to the effect that the contributory or concurrent negligence of the employer can never be pleaded as bar to his recovery from a negligent third party for workmen's compensation paid to an employee. Nyquist v. Batcher, 235 Minn. 491, 51 N.W.2d 566; case note, 36 Minn.L.Rev. 549; Enghusen v. H. Christiansen & Sons, Inc., 259 Minn. 442, 107 N.W.2d 843; Fidelity & Casualty Co. v. Cedar Valley Electric Co., 187 Iowa 1014, 174 N.W. 709; Williams Bros. Lumber Co. v. Meisel, 85 Ga.App. 72, 68 S.E.2d 384; Houk v. Arrow Drilling Company, 201 Kan. 81, 439 P.2d 146; Liddle v. Collins Construction Company, 283 S.W.2d 474 (Mo.1955); General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442; Standard Wholesale Phos. & A. Wks. v. Rukert Term. Corp., 193 Md. 20, 65 A.2d 304; Bristol Telephone Co. v. Weaver, 146 Tenn. 511, 243 S.W. 299; Indemnity Insurance Co. of North America v. Odom, 237 S.C. 167, 116 S.E.2d 22; Clark v. Chicago, M., St. P. & P. R. Co., 214 Wis. 295, 252 N.W. 685; Employers Mut. L. Ins. Co. of Wis. v. Refined Syrups Corp., 184 Misc. 941, 53 N.Y.S.2d 835, aff'd, 269 App.Div. 931, 58 N.Y.S.2d 216; Caulfield v. Elmhurst Contracting Co., 268 App.Div. 661,

53 N.Y.S.2d 25, aff'd, 294 N.Y. 803, 62 N.E.2d 237; Royal Indem. Co. v. Southern Cal. Petroleum Corp., 67 N.M. 137, 353 P.2d 358; Graham v. City of Lincoln, 106 Neb. 305, 183 N.W. 569; Utley v. Taylor & Gaskin, 305 Mich. 561, 9 N.W.2d 842; Johnson v. Willoughby, 183 S.W.2d 201 (Tex.Civ.App.1944); Baker v. Traders & General Ins. Co., 199 F.2d 289 (10th Cir. 1952); Texaco, Inc., v. Pruitt, 396 F.2d 237 (10th Cir. 1968); General Electric Co. v. Cuban American Nickel Co., 396 F.2d 89 (5th Cir. 1968); United Gas Corp. v. Guillory, 206 F.2d 49 (5th Cir. 1953); Otis Elevator Co. v. Miller & Paine, 240 F. 376 (8th Cir. 1917); Marciniak v. Pennsylvania Railroad Company, 152 F.Supp. 89 (D.Del.1957); Cyr v. F. S. Payne Co., 112 F.Supp. 526 (D.Conn.1953). See also Anno. 19 A.L.R. 766; supplemented 27 A.L.R. 493, 37 A.L.R. 838, 67 A.L.R. 249, 88 A.L.R. 665, and 106 A.L.R. 1040.

The majority, again in footnote, recognizes a division in the jurisprudence of this country, citing 101 C.J.S. Workmen's Compensation § 1010(c), and 58 Am.Jur. Workmen's Compensation § 359, but fails to mention that the division is such that only the most miniscule minority supports the view adopted here. Most of the cases cited in these works stand for the opposite proposition or can be distinguished. The

Mutual Insurance Company v. Adams, 91 Idaho 151, 417 P.2d 417, and the dissent in Brown v. Arrington Const. Co., 74 Idaho 338, 262 P.2d 789. See also American Casualty Company of Reading, Pa. v. South Carolina Gas Co., 124 F.Supp. 30 (W.D.S.C.1954).

North Carolina cases are cited for support, but, as shown by my previous discussion, they are based on the "independent negligence" theory and do not support the broad theory enounced. The same theory is adopted in a federal district court decision from South Carolina which is cited.[4] Two cases out of Illinois have been overruled by statutory amendment.[5] Another of the cases decided in the federal courts which barred recovery of compensation payments turned on a contractual agreement to assume full responsibility.[6] Also cited is a federal district court decision out of Louisiana which deals with liability between employers and has nothing to do with the issue presented in this instance.[7]

California cases are also cited for this.[8] While some of the cases in the jurisprudence of California do hold in accordance with the view expressed in the majority opinion here, it cannot be said categorically that this is the California rule. These California holdings are based in a large part upon Witt v. Jackson, 57 Cal.2d 57, 17 Cal.Rptr. 369, 366 P.2d 641, which modified prior jurisprudence after finding the North Carolina rule of "independent negligence" persuasive. In adopting the North Carolina rule, however, the California Supreme Court applied it to a factual situation where only vicarious liability was present, and the "independent negligence" theory was inapplicable. Thereafter a

4. American Casualty Company of Reading, Pa. v. South Carolina Gas Co., supra, at fn. 3.

5. The Illinois cases, Hulke v. International Manufacturing Company, 14 Ill.App.2d 5, 142 N.E.2d 717, and Alaimo v. DuPont, 11 Ill.App.2d 238, 136 N.E.2d 542, were decided at a time when the pertinent portions of the Illinois Workmen's Compensation Law was undergoing constant revision by legislation and jurisprudential interpretation. See Rylander v. Chicago Short Line Railway Company, 17 Ill.2d 618, 161 N.E.2d 812, for discussion. However, with the 1959 amendment to the law there is now a right for an employer who has paid compensation benefits to recover that amount from a negligent third party whether the employer may have been negligent in causing the injuries or not. Reeves v. Tepen, 268 N.E.2d 912 (Ill., 4th Dist. 1971) ; Blanski v. Aetna Casualty & Surety Company, 287 F.2d 113 (7th Cir. 1961).

6. Fireman's Fund Indemnity Co. v. United States, 110 F.Supp. 937 (N.D.Fla.1953),

aff'd, 211 F.2d 773 (5th Cir. 1954), cert. denied, 348 U.S. 855, 75 S.Ct. 79, 99 L.Ed. 673.

7. Aetna Casualty & S. Co. v. Manufacturers Cas. Ins. Co., 140 F.Supp. 579 (W.D.La.1956).

8. Although not cited by these authorities, Pennsylvania appears not to adhere to the majority rule. There a third party is allowed to secure contribution from a negligent employer which is limited to the amount of the payable compensation. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105; Brown v. Dickey, 397 Pa. 454, 155 A.2d 836; Stark v. Posh Construction Company, 192 Pa.Super. 409, 162 A.2d 9, allocatur denied. Stahl, Workmen's Compensation, 22 U.Pitt.L.Rev. 381, 402. Cf. Jackson v. Gleason, 320 Pa. 545, 182 A. 498. No case was found holding that a negligent employer was precluded from seeking recovery for paid compensation under the statutory right of subrogation, but such a conclusion would appear to follow from the rationale of the jurisprudence above.

number of cases in the various appellate courts of California interpreted and applied the Witt decision. In some cases there existed actual independent negligence of the employer, and in others the employer was only vicariously liable.[9] The Witt v. Jackson rule with its variations in the appellate courts has presented numerous and most serious problems. See Comment, 17 U.C.L.A.L.Rev. 651, and Note, 21 Hastings L.J. 661.

Our state courts and the federal courts have apparently believed that City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 So. 785, was authority in Louisiana for the view that concurrent negligence imputed to the employer was not a bar to recovery from a third party. Day v. National-U.S. Radiator Corporation, 117 So.2d 104 (La.App. 1st Cir. 1960), reversed on other grounds, 241 La. 288, 128 So.2d 660; Andrus v. Great American Insurance Company, 161 So.2d 113 (La. App. 3rd Cir. 1964), writs refused. See also International Paper Co. v. Arkansas & Louisiana Missouri Ry. Co., 35 So.2d 769 (La.App. 2nd Cir. 1948); United Gas Corp. v. Guillory, supra, and General Electric Co. v. Cuban American Nickel Co., supra.

The author of the majority opinion here was the author of the opinion in Andrus v. Great American, supra. He said there unequivocally: "Thus, for example, in Louisiana it has been held that the employer's own independent contributory negligence may not bar the employer's right to reimbursement from the tortfeasor of compensation paid to the injured employee, since the employer is merely enforcing the injured employee's cause of action." I am not sure whether the author used the phrase "independent contributory negligence" advisedly or inadvertently in this statement of law; otherwise I believe the writer of the majority opinion stated in Andrus the correct Louisiana rule as well as the overwhelming majority view jurisprudentially and doctrinally.

I have pointed out that we do not have before us a case where this court can decide whether a public policy consideration should require us to modify our indemnification rule in workmen's compensation. The right of indemnification is founded upon, and is part and parcel of, the same

---

9. Chick v. Superior Court, 209 Cal.App. 2d 201, 25 Cal.Rptr. 725; Tate v. Superior Court, 213 Cal.App.2d 238, 28 Cal. Rptr. 548; Castro v. Fowler Equipment Co., 233 Cal.App.2d 416, 43 Cal.Rptr. 589; Jones v. McFarland Co-Op Gin, Inc., 237 Cal.App.2d 94, 46 Cal.Rptr. 572; Souza v. Pratico, 245 Cal.App.2d 651, 54 Cal.Rptr. 159; Benwell v. Dean, 249 Cal.App.2d 345, 57 Cal.Rptr. 394; Smith v. Trapp, 249 Cal.App.2d 929, 58 Cal.Rptr. 229; Holliday v. Miles, Inc., 266 Cal.App.2d 396, 72 Cal.Rptr. 96; Slayton v. Wright, 271 Cal.App.2d 219, 76 Cal.Rptr. 494.

socio-economic theory that is the basis for workmen's compensation's replacing the delictual remedy. Only one remedy is given, one recovery, and the financial loss suffered is so fixed that it may be *passed down to the consumers*. It is not founded upon the same principle as is compulsory insurance or upon similar theories which attempt to *spread losses horizontally and collaterally* among all situated in similar positions. The question may be posed, and it appears to be in the mind of the majority: Why excuse vicarious fault of a workmen's compensation payor when the indemnification he seeks will in many cases come from one who is also only vicariously at fault? The answer is very simple: The workmen's compensation statute has mandated that difference, and the legislative theory and purpose underlying workmen's compensation are different from the legislative theory and purpose underlying the assignment of vicarious fault. Moreover, first, and last, regardless of purpose or theory, indemnification is the *law* (La.Civ. Code Art. 1).

The majority reaches without reason or explanation beyond and even contrary to the authorities it appears to recognize and rely upon—Malone and Larson, who are in fact the eminent authorities in this field.

If the majority opinion in the instant case prevails with all of its broad implications, it will be contrary to statutory expression and to the previous jurisprudence

of this state, and it will be the antipode of the view adopted by the vast majority of jurisdictions outside this state. Moreover, it poses the threat of all the complexities that arise where the minority view exists.

For the reasons assigned I respectfully dissent.

## ON REHEARING

McCALEB, Chief Justice.

Theodule Vidrine was injured while in the course and scope of his employment with the Ashy Construction Company. He was a passenger in a company truck driven by a co-employee, Joseph Cormier, when it collided with an automobile which was being driven by Dorothy Hardy (a minor) and insured by Michigan Millers Mutual Insurance Company.

Vidrine brought a tort action against the minor's father and Michigan. Ashy intervened claiming reimbursement from *the defendants* for the amounts it had paid Vidrine on account of workmen's compensation benefits due to him. Vidrine ultimately withdrew his suit, and the litigation has continued only as between Ashy (for the compensation payments) and the defendants.

In the lower courts it was determined that the accident occurred as the result of the concurrent negligence of both Miss Hardy and Ashy's employee, Cormier, and that Vidrine was not negligent.

The sole question for our determination on the initial hearing in this Court, and now, is whether the negligence of Cormier, attributable to his employer (Ashy), prevents the latter from recovering against the third-party joint tortfeasor (Hardy) and his insurer, the compensation payments made by it to its non-negligent employee Vidrine. Stated another way, the issue is whether an employer may recover such compensation benefits from a third-party tortfeasor, under the provisions of R.S. 23:1101–1103, if he himself is guilty of negligence which contributed to the accident causing the non-negligent employee's injury. On the original hearing we held that he could not.

We now reverse and hold that the negligence of the employer does not bar his right to recover such compensation payments from a third-party joint tortfeasor. Our conclusion is based on the clear and unequivocal language of R.S. 23:1101 and 1103 which read as follows:

§ 1101. "When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.

"*Any employer* having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover *any amount which he has paid or become obligated to pay* as compensation to any injured employee or his dependent." (Emphasis added)

§ 1103. "In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that *the claim of the employer* for the compensation *actually paid* shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse *the employer* for the compensation which he has actually paid, *such damages shall be assessed solely in his favor*; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured em-

ployee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.

"No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him. As amended Acts 1958, No. 109, § 1." (Emphasis added.)

These provisions clearly permit recovery by *any* employer of the compensation payments made or due by him, and evidence an intent that in on case shall the employee be permitted dual recovery for his injuries, that is, recovery both from the tortfeasor in full and, in addition, from his employer in compensation. Indeed, in the original statute, if an employee availed himself of his right to compensation, *only the employer* had the right to bring action against the tortfeasor both for the payments made by him, and for any additional amounts due to the employee. An amendment in 1920 permitted either to bring the action, and allowed the other to join to urge his claim. As shown in Chauvin v. Louisiana Power & Light Co., 177 La. 193, 148 So. 23, "The only material difference between the old law and the new is that under the old law the right to collect the damage had to be

exercised through the employer, the *subrogee* of the claim, whereas, under the law as amended, the right may be exercised by the injured employee personally." (Emphasis added.)

In neither of the above quoted sections is there any suggestion that the right to recover compensation actually paid or due is limited to those employers who are blameless, or innocent of any action which might have caused the injury. Furthermore, nothing in the sections creates a classification of employers into those who are at fault and those who are not. Any attempt by this Court to create such a classification would amount to judicial statutory amendment.

As we said in Board of Commissioners of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313, "* * * *the compensation statute specifically grants to the employer * * * the right to bring suit against the third person tort-feasor to recover any amount which he has paid or has become obligated to pay as compensation to the dependent.* The employer, in other words, *is unqualifiedly authorized* to assert, to the extent of obtaining indemnification for the compensation for which he is obligated to pay, the cause of action that arose originally in favor of the employee from the third person's actionable negligence." This language as italicized was quoted with approval in Thomas v. Matthews Lumber Company of Mansfield, 253 La. 1, 215 So.2d 832.

As heretofore shown in the dissenting opinion of Justice Barham handed down on the original hearing, "Our state courts and the federal courts have apparently believed that City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 So. 785, was authority in Louisiana for the view that concurrent negligence imputed to the employer was not a bar to recovery from a third party. Day v. National-U. S. Radiator Corporation, 117 So.2d 104 (La.App. 1st Cir. 1960), reversed on other grounds, 241 La. 288, 128 So.2d 660; Andrus v. Great American Insurance Company, 161 So.2d 113 (La.App. 3rd Cir. 1964), writs refused. See also International Paper Co. v. Arkansas & Louisiana Missouri Ry. Co., 35 So.2d 769 (La.App. 2nd Cir. 1948); United Gas Corp. v. Guillory, supra [206 F.2d 49 (La. 5th Cir. 1953)], and General Electric Co. v. Cuban American Nickel Co., supra [396 F.2d 89 (La. 5th Cir. 1968)]." The legislature has never amended the statute to effect an overruling of this jurisprudence.

As we read the original majority opinion, that holding is not based on the language of the statute or on our jurisprudence, but, instead, on concepts of equity and/or socioeconomic reasons.[1] If the views expressed are valid, a change in the law is essential so as to have it comport therewith. But this is not a matter for the Court; it addresses itself solely to the legislative department of our government.

From time to time the courts of this State have referred in various ways to the right conferred by the statute. Some of the earlier cases call it a "right of subrogation" but in Board of Commissioners of Port of New Orleans v. City of New Orleans, supra, this Court held that it is not, properly speaking, a subrogation. At other times in the opinions it has been called a "right of indemnification" or "reimbursement." Some State and Federal appellate opinions have referred to it as "a kind of subrogation" or "in the nature of a legal subrogation."[2] But it matters not by what name the right is called—whether it be a subro-

---

1. For example, it was suggested that under the circumstances of this particular case the right of the negligent employer to be reimbursed for compensation payments might be considered as a "windfall." But this gives no consideration to the fact that there are numerous other cases in which a non-negligent employer is prohibited from seeking reimbursement for compensation payments from a tortfeasor because of the negligence of the employee who was paid the compensation. The facts of these varying circumstances are matters that should be and presumably have been weighed by the legisla-

ture and, until such time as a change is effected by that body, regardless of our views of equity and justice, we are obliged to apply the unequivocal and unambiguous language of the statute as now written.

2. See American Universal Ins. Co. v. Chauvin, 329 F.2d 174 (5 Cir., 1964); Day v. National-U. S. Radiator Corp., 117 So.2d 104 (La.App., 1959); United Gas Corp. v. Guillory, 206 F.2d 49 (5 Cir., 1953); Todd-Johnson Dry Docks v. City of New Orleans, 55 So.2d 650 (La.App., 1951); International Paper Co. v. Ark. &

gation, in the nature of a subrogation, or a right of reimbursement, or whatever— the right is an absolute one and is not limited by the statute.

For the reasons assigned, the opinion of the Court of Appeal for the Third Circuit is reinstated and made the judgment of this Court.

HAMLIN, Justice (dissenting).

I do not believe that a court should lend its aid to one guilty of unlawful conduct. Reason dictates and justice demands that the fault of Ashy should bar recovery in the present suit, the same as in tort actions.

TATE, J., dissents and assigns written reasons.

DIXON, J., dissents.

ON REHEARING

TATE, Justice (dissenting).

I respectfully dissent.

This is a tort suit. The liability of the defendant ("Michigan Millers") depends upon fault. As both the trial and intermediate courts found, the driver-employee of the plaintiff before us ("Ashy") was contributorily negligent with regard to the

accident in which his co-employee passenger, Vidrine, was injured.

Ashy, which paid compensation to Vidrine, seeks to recover the compensation so paid from Michigan Millers on the ground of its insured's fault. Despite the admitted fact that Ashy (by imputation of its driver-employee's actions) is contributorily negligent, we allow Ashy to recover in this tort suit.

I suggest that, under principles of Louisiana tort law, this result is wrong. Plaintiffs who are contributorily negligent are denied recovery in a tort suit.

In allowing recovery, the majority relies upon the provisions of La.R.S. 23:1101–1103 (a redaction of a 1920 act), which permit an injured employee to recover damages from a third person when the circumstances have created in such person "a legal liability to pay damages in respect thereto". La. R.S. 23:1101. The same statutory provisions likewise permit an employer to recover from such third person amounts he has paid or become obligated to pay to an injured employee as a result of the accident.

I respectfully suggest that the 1920 legislature never intended to abrogate fundamental tort law by permitting a negligent employer to recover from a third person

La. M. R. Co., 35 So.2d 769 (La.App., 1948); and Lowe v. Morgan's La. & T. R. & S. S. Co., 150 La. 29, 90 So. 429 (1921).

The author of this opinion is committed to the view that this is a legal subrogation.

compensation-indemnification, where the employer's own fault was a contributory cause of the injuries and damages for which recovery is sought.

Just as the statutory provision (La.R.S. 23:1101) does not authorize an employee to recover damages from the third person when the employee himself is at fault, so it does not authorize an employer at fault to profit by its own fault and be indemnified for compensation benefits paid to an injured employee because of the employer's fault. In neither case does the statutory language exclude recovery when the respective plaintiff (employee or employer) is contributorily negligent; in *both* cases, in my opinion, this bar to recovery is implied, because in neither case does the third person have a "legal liability to pay damages in respect" to the accident. La.R.S. 23:1101.

I should note that the 1920 provisions incorporated in the 1950 Revised Statutes have at least since 1953 been interpreted by this court as providing an independent right-cause of action in the employer to recovery in tort, independent of any rights of the injured employee to recovery in tort. Board of Commissioners, etc. v. City of New Orleans, 223 La. 199, 65 So.2d 313 (1963).

I am thus unable to subscribe to the majority's view that, although the basis of the defendant's (Michigan Millers) liability is fault under Civil Code Article 2315, nev-

ertheless the fault of the present plaintiff (Ashy) does not bar recovery in the present suit, though it would in all other tort actions.

I respectfully dissent.